## Thomas *v.* The State.

*Indictment for Murder.*

1. *Under indictment for murder defendant can be convicted of an assault with intent to murder.*—Under an indictment which charges that the defendant "unlawfully and with malice aforethought" killed the deceased "by striking him with a joint of iron pipe," the defendant can, under the statute (Code, § 5306), be convicted of an assault with intent to murder, and the trial court commits no error in so instructing the jury.

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. SAMUEL E. GREENE.

The appellant in this case was tried under an indictment which charged that before the finding of the indictment he "unlawfully and with malice aforethought killed Walter Hudson by striking him with a joint of iron pipe or with a piece of iron pipe, against the peace and dignity of the State of Alabama." The defendant was convicted of an assault with intent to murder and was sentenced to the penitentiary for ten years.

On the trial it was shown that as the result of a dispute, the defendant, Jim Thomas, and Walter Hudson got into a difficulty, on June 22, 1899, and that the defendant struck Hudson on the head over the right eye with a piece of iron pipe; that the blow felled Hudson and he remained in an unconscious condition until he was removed to his home, where he was attended by a physician. The physician who examined Hudson testified that he attended him for a week after the blow, after which time Hudson got up and came to his office for a week longer, where he was treated by the physician. This physician also testified that on December 11, 1899,

he was called to see Hudson and found him in an unconscious condition and that he died on the following day. This witness and other physicians testified that as the result of a post mortem examination the said Hudson died from the effects of the blow which fractured his skull.

The evidence for the defendant tended to show that in October after the defendant had struck Hudson, that he was struck with a heavy chain falling on his head, and that as the result of this last blow, he was rendered unconscious.

In his oral charge to the jury, the court, among other things, after explaining the constituents of an assault with intent to murder, instructed them as follows: "That if they had a reasonable doubt as to whether the blow alleged to have been inflicted by the defendant with a piece of iron pipe or a joint of iron pipe caused the death of the deceased, or proximately contributed to his death they might convict the defendant of an assault with intent to murder, if they were satisfied from the evidence beyond a reasonable doubt that the defendant assaulted the deceased with a piece of iron pipe or with a joint of iron pipe unlawfully, maliciously and with the intent to murder the deceased; provided they found that the weapon used was, in the manner used, calculated to produce death.". To this portion of the court's general charge the defendant duly excepted.

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State. The charge given by the court instructing the jury that the defendant, under an indictment for murder, could be convicted for an assault with intent to murder, was correctly given.—Code of 1896, §5306; *Lewis v. State*, 30 Ala. 54; *Richardson v. State*, 54 Ala. 158; *Daughdrill v. State*, 113 Ala. 35.

SHARPE, J.—Section 5306 of the Code provides that one indicted for a criminal offense may under that indictment be convicted of an attempt to commit the offense charged, and it also provides that he may be

[Harvey v. The State.]

"found guilty of any offense which is necessarily included in that with which he is charged." An assault with intent to murder is necessarily included in a murder committed in manner as charged by the indictment in this case which is "that the defendant unlawfully and with malice aforethought killed Walter Hudson by striking him with a joint of iron pipe or with a piece of iron pipe." 1 Bish. New Crim. Law, § 780; *Daughdrill v. State*, 113 Ala. 7.

It follows that the exceptions reserved to the oral charge and rulings of the trial court were not well taken. No error appearing the judgment will be affirmed.

Affirmed.