# Carson *v.* The State. 

*Indictment for Murder.*

1. *Evidence; proof of character.*—Where the defendant in a criminal case has put his character for peace and quiet in issue, it is permissible for the State, on the cross examination of the character witnesses, to ask them if they had ever heard of the defendant getting drunk, or had ever heard of his carrying a concealed pistol.

2. *Same; same.*—Where the defendant has put his character for peace and quiet in issue, and upon cross examination one of the character witnesses testified to the defendant having other difficulties than the one under investigation, it is not permissible upon the examination of said witness by the defendant in rebuttal to inquire into the details of such other difficulty.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The appellant was indicted and tried for murder, was convicted of murder in the second degree, and sentenced to the penitentiary for 18 years.

On the trial of the cause it was shown by the evidence that the defendant shot and killed one Brown with a pistol; the circumstances of the killing being proven.

The defendant introduced several witnesses who testified that they knew the general character of the defendant in the community in which he lived, and that said character for peace and quiet in the community was good.

VOL. 128.

Upon the cross-examination of one of these witnesses, the State asked him the following question: "Did you ever know or hear of his getting drunk?" The defendant objected to this question, upon the ground that it was immaterial, irrelevant and incompetent. The court overruled the objection, and the defendant duly excepted.

Upon the cross-examination of another of the witnesses testifying that the defendant's character for peace and quiet was good, he was asked the following question: "Did you ever hear of him carrying a concealed pistol?" The defendant objected to this question, upon the ground that it was irrelevant, immaterial and incompetent, and duly excepted to the court's overruling his objection.

Upon the cross-examination of another witness, who had testified that the character of the defendant for peace and quiet in the community in which he lived was good, was asked the following question: "Did you ever hear of him having a difficulty?" To which question the witness answered that he had heard of the defendant's having a difficulty, and that he saw it. Upon the examination of this witness in rebuttal, the defendant asked him the following question: "State what the difficulty was?" The State objected to this question, which objection the court sustained, and the defendant duly excepted.

The defendant then asked the witness several questions seeking to show the facts of the difficulty. To these questions the court sustained the objection of the State, and to each of these rulings the defendant separately excepted.

HILL & HILL, for appellants, cited *Moulton v. State,* 88 Ala. 120; *Evans v. State,* 109 Ala. 19.

CHAS. G. BROWN, Attorney-General, for the State, cited *Ingram v. State,* 67 Ala. 67; *Johnson v. State,* 77 Ala. 24; *Mullens v. State,* 88 Ala. 116; *Thompson v. State,* 100 Ala. 70; *Goodwin v. State,* 102 Ala. 88.

DOWDELL, J.—The evidence disclosed that the defendant was intoxicated at the time of the commission

of the alleged crime. He put in issue his character for peace and quiet. The State was permitted against defendant's objection, upon cross-examination of certain witnesses testifying in his behalf and to his good character, to ask, if they had not heard of his getting drunk, and also, of his carrying a concealed weapon. Much latitude is allowed upon cross-examination of a witness as to character, even sometimes to the extent, within the sound discretion of the trial court, of asking questions which may call for irrelevant evidence. This for the purpose of testing the accuracy, credibility and sincerity of the witness. As to how a witness makes up his estimate of character, is a proper subject of inquiry upon cross-examination. Besides, a man while free from the influence of strong drink may have an excellent character as a law abiding, quiet, peaceable citizen, but otherwise when intoxicated. And certainly the carrying of concealed weapons, an offense which the law condemns, is not an element which goes to make up a good character for peace and quiet. There was no error in permitting the questions.—*Goodwin v. State,* 102 Ala. 87; *Thompson v. State,* 100 Ala. 70; *Moulton v. State,* 88 Ala. 116; *Hussey v. State,* 87 Ala. 121; *DeArman v. State,* 71 Ala. 351; *Ingram v. State,* 67 Ala. 67.

While it is permissible on cross-examination of a witness on character to ask such witness if he ever heard of the defendant having other difficulties than the one under investigation, it is not permissible to inquire into the details of such difficulty on rebuttal.—*Goodwin v. State, supra; Moulton v. State, supra; Thompson v. State, supra.*

We find no reversible error in the record, and the judgment of the trial court must be affirmed.

Affirmed.