# Rowland *v.* The State.

*Indictment for Receiving and Concealing Property which was Stolen.*

1. *Receiving and concealing stolen property; sufficiency of indictment.*—An indictment which charges that the defendant "did receive, conceal, or aid in concealing, to-wit, one ten dollar greenback bill, paper currency, lawful money of the United States, a better description of which is to the grand jury unknown, the personal property of Sam Gray, knowing that it was stolen, and not having the intent to restore it to the owner, against the peace," etc., is sufficient, both as to identity and value of the property, and is not subject to demurrer for insufficiency or for failure to allege the value of the property stolen and received.

2. *Indictment for receiving and concealing stolen property.*—On a trial under an indictment which charges the defendant with receiving, concealing or aiding in concealing money, knowing it to have been stolen, where a witness testifies that he was with the defendant when the latter's son picked up a ten dollar bill and handed it to the defendant, it is competent for the solicitor to ask the witness if he saw the defendant's son "give the defendant a bill of money?"

3. *Indictment for receiving and concealing or aiding in concealing property which was stolen; charges of court to jury.*—On a trial under an indictment which charges that the defendant did receive, conceal, or aid in concealing property knowing that it was stolen, and not having the intent to restore it to the owner, charges which confine the jury to the consideration of the question as to whether the defendant knew the money had been stolen at the time he received it, are erroneous and properly refused.

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. TERRY RICHARDSON.

The appellant in this case was tried and convicted under the following indictment: "The grand jury of said county charge that, before the finding of this indictment, David Rowland did receive, conceal, or aid in conceal-

ing to-wit: One ten dollar greenback bill, paper currency, lawful money of the United States, a better description of which is to the grand jury unknown, the personal property of Sam Gray, knowing that it was stolen, and not having the intent to restore it to the owner, against the peace and dignity of the State of Alabama."

To this indictment the defendant demurred upon several grounds, which may be summarized as follows: 1. The indictment fails to allege with sufficient certainty a description of the property alleged to have been stolen. 2. The indictment fails to allege the value of the property alleged to have been stolen, and concealed by the defendant. This demurrer was overruled.

In addition to the tendency of the evidence set out in the opinion, the following facts were testified to on the trial: One Sam Gray was a guest, together with a number of others, at the home of the defendant, one Saturday night in June, 1903. On Saturday morning Gray examined his purse and had in it a ten dollar bill with other money. On Monday afternoon following, at Wallace, Alabama, which was about eight miles from the home of the defendant, Gray missed a ten dollar bill from his purse. On Sunday afternoon preceding this, and following the Saturday which was spent at defendant's house, the defendant, in company with his little son and James Faircloth, were walking along a public road near defendant's home, when his little boy picked up an alleged ten dollar bill and handed it to his father, the defendant, and inquired if it was worth anything, to which the defendant replied, "Yes, son, it is worth ten dollars in silver." The defendant then put this alleged ten dollar bill in his pocket, stating, however, in a conversation afterwards, that the same was not a ten dollar bill, but was a registration certificate. The undisputed evidence shows that the first knowledge that the defendant had of this ten dollar bill was on this Sunday afternoon at the time of the alleged finding of a ten dollar bill, which was picked up in the public road by his little son and handed to him. He did not at that time know that any one in

the neighborhood had lost a ten dollar bill, and had no means at that time of ascertaining such a fact.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (E.) "The court charges the jury that at the time of the alleged finding of a ten dollar bill by the son of the defendant, if at the time the defendant accepted the possession of the same, he did not know the same to have been stolen and that at that time the defendant did not take it with the intent to steal, you should find the defendant not guilty." (D.) "The court charges the jury that if you believe from the evidence that a ten dollar bill was found by the son of the defendant and was handed to the defendant, and at the time the defendant took possession of the same, he did not know the same to have been stolen, you should find the defendant not guilty."

HAMILTON·& CRUMPTON, for appellant.—It has been practically settled as the leading and well established doctrine of the courts that "knowledge at the time the goods are received that they have been stolen, is absolutely essential."—See *Commonwealth v. Leonard,* 140 Mass. 473; *Tolliver v. State,* 25 Tex. App. 600; *People v. Levison,* 16 Cal. 98.

If the offense was committed at any time, it must have been committed *at the time of the finding or the alleged finding of the ten dollar bill and the receiving at that time by the defendant of the same.—Griggs v. State,* 58 Ala. 431; 2 Bish. on Crim. Law, § 882; *Allen v. State,* 91 Ala. 19.

MASSEY WILSON, Attorney-General, for the State. The indictment was not subject to demurrer.—*Brown v. State,* 120 Ala. 342; *Thomas v. State,* 117 Ala. 84.

Charges E and D were properly refused.—*Broughton v. State,* 105 Ala. 103; *Martin v. State,* 104 Ala. 71; *Hester v. State,* 103 Ala. 83.

HARALSON, J.—The demurrer to the indictment was properly overruled. The averments were entirely sufficient both as to identity and as to value.—*Thomas v. State,* 117 Ala. 84; *Brown v. State,* 120 Ala. 342, 349.

The evidence tended to show, and the jury might therefrom have so believed and found, that defendant's son, Gordon, had stolen the money and gave it to his father. The defendant claimed that it was a certificate of registration, that his son had found, and not a ten dollar bill. James Faircloth, a witness for the State, testified that he was with defendant and his son when the boy handed the money to the defendant; that defendant's son, who was walking behind witness and defendant, called his father and told him that he had found something, and handed him a paper which was a ten dollar greenback bill, and asked defendant if it was worth anything, to which the witness replied, "Yes, it is worth ten dollars in silver," and the defendant said yes it was, and put the same in his pocket; that witness saw the numbers on the bill, and saw an "X" on it, and that he knew money and knew that the bill given by the little boy, Gordon, to his father, was money and not a registration certificate. In bringing out this evidence the State asked the witness, "Did you see the little boy, Gordon, give the defendant a bill of money?" which question against defendant's objection the court allowed, and after the witness had answered as above, the defendant moved to exclude the evidence, which the court refused to do. In neither ruling was there error. The question called for a fact, which was legal and pertinent.

It will be noticed, that the indictment charges that defendant, "did receive, conceal, or aid in concealing" the property, "knowing that it was stolen, and not having the intent to restore it to the owner," etc. He is thus charged in the alternative with receiving, concealing or aiding in concealing the property, and if it was stolen, as the jury, under the evidence, had a right to find, and the defendant concealed it, or aided in concealing it, knowing it to have been stolen, he would be guilty, although he did not know it had been stolen at the time he received it.

Charges E and D requested by the defendant and refused, would have confined the jury to the consideration

of the question, whether he knew the money had been stolen at the time he received it, and were, therefore, properly refused.

A.ffirmed.

