# Beason *v.* The State.

## *Assault and Battery.*

(Decided June 13, 1912.  59 South. 712.)

1. *Indictment and Information; Offenses Included; Conviction.*— Under Section 7315, Code 1907, a defendant may be convicted of an assault and battery under an indictment charging manslaughter, in that he killed his wife by stamping her with his feet, since the offense was included in the charge of manslaughter.

2. *Charge of Court; Reasonable Doubt.*—A charge asserting that if upon a consideration of all the evidence, together and in connection there was a reasonable doubt of defendant's guilt from the whole evidence, or any material part, and that if there was a reasonable doubt of his guilt, he should be found not guilty, was proper, and its refusal was reversible error.

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Charles W. Beason was convicted of assault and battery, and he appeals. Reversed and remanded.

The oral charge of the court referred to was that if the jury failed to find the defendant guilty of manslaughter in the first degree, yet if they believed from the evidence beyond a reasonable doubt that the defendant, before the finding of the indictment, stamped his wife with his foot or feet, they were authorized under the evidence in this case to find the defendant guilty of assault and battery. The other charges appear in the opinion.

JOHN W. INZER, and THOMAS R. RUSSELL, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

DE GRAFFENRIED, J.—In this case there was evidence tending to show that the defendant, within 12 months before the finding of the indictment, committed an assault and battery upon the person of his wife by stamping her with his foot or feet. The wife died within less than 12 months after the assault. The state claimed that her death was caused from the injuries received by her when she was assaulted by the defendant as above stated. The jury convicted the defendant of an assault and battery, and from the judgment of the court pronounced upon the verdict the defendant appeals.

1. Section 7315 of the present Code, which was section 5306 of the Code of 1896, referred to by Mr. Justice Sharpe in the opinion in the case of *Thomas v. State*, 125 Ala. 45, 27 South. 920, provides that, when an indictment charges an offense of which there are different

degrees, the jury may find the defendant not guilty of the degree chagred, and guilty of any degree inferior thereto, or of an attempt to commit the offense charged; and the defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a feloy or a misdemeaor.

In this case the defendant was charged with manslaughter, in that he intentionally, but without malice, killed his wife by stamping her with his foot or feet. It is manifest that the offense of an assault and battery upon the person of the wife by the defendant by stamping her with his foot or feet is included in this charge of manslaughter.—*Thomas v. State, supra; Daughdrill v. State,* 113 Ala. 7, 21 South. 378. If, therefore, the defendant committed an assault and battery upon the person of his wife, by stamping her with his foot or feet, at the time he is alleged to have killed her, he may lawfully be convicted of such assault and battery under the indictment in this case.—*Thomas v. State, supra.*

2. The court committed no error in its rulings on the evidence, nor did it commit error in any part of its oral charge to the jury which is set out in the record.— *Thomas v. State, supra.* The question as to whether (if the defendant did not in fact kill his wife by stamping her) he was guilty of an assault and battery upon her by stamping her was, as we have above stated, properly submitted to the jury.

3. The court, however, did commit an error in refusing to give to the jury, at the request of the defendant made in writing, the two charges which appear in the bill of exceptions as charges 3 and 4, and which are as follows: "Charge 3. I charge you, gentlemen of the jury, if, after considering all of the evidence in this case together and in connection, you have a reasonable doubt of the guilt of the defendant, from the whole evi-

[Davidson v. The State.]

dence or any part of the same, you should acquit the defendant." "Charge 4. I charge you, gentlemen of the jury, that if, after considering all the evidence, you have a reasonable doubt about the defendant's guilt, arising out of the evidence, you should find the defendant not guilty." The refusal of the trial judge to give the above charges must have been due to an oversight. They state correct propositions of law, and should have been given.

We do not find in this record any written charge which was given by the court to the jury at the request of either the state or the defendant, and the record therefore fails to show that the above charges were covered by any written charge which the court gave to the jury at the written request of either the state or the defendant. For this reason, on account of the error pointed out, the judgment of the court below must be reversed, and the cause remanded for further proceedings in the court below.

Reversed and remanded.