(86 South. 153)

JIMMERSON v. STATE.   (4 Div. 627.)

(Court of Appeals of Alabama. June 29, 1920.)

1. CRIMINAL LAW &#9750;662(1)—TESTIMONY INDIRECTLY BRINGING IN ABSENT WITNESS INADMISSIBLE.

Under Const. 1901, § 6, giving accused the right to be confronted by the witnesses against him, in a prosecution for manufacturing prohibited liquors, testimony of a witness that his son, claimed by the witness to have been present when he saw defendant making whisky, was sick, and therefore not in court, was inadmissible.

2. WITNESSES &#9750;274(2)—TESTIMONY OF CHARACTER WITNESS AS TO WHETHER COMMITTEE TRIED TO INDUCE DEFENDANT TO STOP MAKING LIQUOR INADMISSIBLE.

In a prosecution for manufacturing prohibited liquors, testimony on cross-examination of a witness, who had testified that he had known defendant for many years, and knew his general character was good, as to whether he did not know a committee of citizens had gone to defendant to try to get him to stop making liquor, held inadmissible.

3. WITNESSES &#9750;318 — TESTIMONY OF GOOD CHARACTER OF STATE'S UNATTACKED WITNESS INADMISSIBLE.

In a prosecution for manufacturing prohibited liquors, testimony to prove the good character of a state's witness, which had not been attacked, was inadmissible.

4. WITNESSES &#9750;274(1)—CROSS-EXAMINATION AS TO SIGNING OF PETITION BY DEFENDANT'S WITNESS INADMISSIBLE.

In a prosecution for manufacturing prohibited liquors, testimony of a witness on cross-examination by the state solicitor as to whether he signed a petition in the region was inadmissible as affecting defendant's character otherwise than by proof of general reputation.

**5. CRIMINAL LAW ⬤⟳379—CHARACTER OF DEFENDANT PROVABLE ONLY BY GENERAL REPUTATION.**

The character of defendant charged with an offense. good or bad, can be proved only by general reputation, and evidence of particular acts or conduct is inadmissible, both on direct and cross-examination, though in the latter greater latitude is allowed than in the former.

**6. WITNESSES ⬤⟳274(2)—CHARACTER WITNESS MAY BE ASKED ON CROSS-EXAMINATION AS TO REPORTS OF DEFENDANT'S PARTICULAR UNWORTHY ACTS.**

On cross-examination of a witness who has testified as to defendant's general good character, he may be asked if he had not heard it reported that defendant had committed certain unworthy acts, naming them, but this is not to affect character, but only to affect the witness' credibility, and to show he was mistaken in his estimate, or to shed light on his estimate, of defendant's character.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Tom Jimmerson was convicted of manufacturing prohibited liquors, and he appeals. Reversed and remanded.

McDowell & McDowell, of Eufaula, for appellant.

Counsel point out errors, as they insist, in the admission and rejection of evidence, and in support thereof they cite 68 South. 673; 10 Ala. App. 161, 64 South. 544; 6 Ala. App. 41, 60 South. 455; 8 Ala. App. 367, 62 South. 322.

J. Q. Smith, Atty. Gen., for the State.

The record is free from error, and the case should be affirmed. 78 South. 378; 16 Ala. App. 126, 75 South. 718; 15 Ala. App. 206, 72 South. 762; 13 Ala. App. 61, 69 South. 319.

BRICKEN, P. J. The questions raised on this appeal relate solely to the rulings of the court upon the evidence, and upon the refusal of the court to give the general affirmative charge at the request of the defendant. Under the evidence, the court properly refused to give this charge.

[1] Witness for the state, G. W. Walker, testified that he saw the defendant in the act of making whisky and that at the time he saw him no one was present except the defendant, Walker, the witness, and H. P. Walker, his son. The younger Walker was not present at the time of the trial, and over the objection and exception of defendant the solicitor was permitted to ask Walker on direct examination, "Do you know why he is not here?" and the witness was permitted to answer, "He is sick." The solicitor then stated, "He is sick and unable to come to court, is he?" Witness answered,

"No, sir." Const. 1901, § 6, provides, among other things, that in all criminal prosecutions the accused has a right to be confronted by the witness against him, etc. The issues, therefore, must be tried upon the testimony adduced at the trial of a case, and not upon what might have been brought out if other witnesses were present. Moreover, there was nothing here to show that H. P. Walker had been subpœnaed as a witness in this case; but, even if he had been, it was clearly immaterial as a consequence whether he was absent, nor was the cause of his absence a relevant matter. We think the insistence of defendant's counsel that the only purpose of this testimony was to bolster up the testimony of the elder Walker, and to convey the impression to the jury that if said witness was present his testimony would have been the same as that of his father. We are of the opinion that the objections were well taken, and should have been sustained.

[2, 3] Aaron Free testified that he had known defendant for 25 or 30 years, and that his general character was good. On cross-examination of this witness the solicitor was permitted to ask the witness, among other things, "Don't you know a committee of citizens down there went to Tom Jimmerson to try to get him to stop making it?" The objection to the question was overruled, and defendant excepted. It is difficult to understand upon what theory the court allowed this question. That the ruling of the court was manifest error needs no discussion. The same may be said of the cross-examination of witness John Richards. Over the objection and exception of defendant, the solicitor was permitted to ask this witness, "You were not on a committee that went to see him about it, were you?" and in reply thereto, when required to answer, the witness said, "That committee did not specify no certain fellow." Thereupon the solicitor said, "I am not talking about the article that appeared in the paper; I am talking about a committee of citizens down there that went to him and asked him to stop it." This kind of examination was highly improper, and the court erred in allowing it. And, further, on cross-examination of this witness the state was permitted to prove "that he knew Mr. Walker, the state's witness; that he knew his character, that it is good; that he is a good citizen, and is a man who would tell the truth." At the time Walker's testimony had not even been contradicted, and there had been no effort to attack his character, or to impeach the witness in any other manner, nor was such effort made during the entire progress of the trial. This testimony was allowed over the objection of defendant, and the court overruled the motion to exclude it. In these rulings there was mani-

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fest and injurious error which of itself would effect a reversal of this case. There are no rules of evidence which permit a party to bolster up, or, in the language of counsel for appellant, "to boost," the testimony of one's witness by proving the good character of the witness, where no attack whatever had been made upon it. Funderberg v. State, 100 Ala. 36, 14 South. 877; Bell v. State, 124 Ala. 94, 27 South. 414; Gibson v. State, 89 Ala. 121, 8 South. 98, 18 Am. St. Rep. 96.

[4] On cross-examination of witness Lee Wise, the solicitor was allowed to ask this witness, "Did you sign the petition out there?" The court also erred in this ruling.

There were several other errors of the same import in the rulings of the court upon the cross-examination of the defendant's witnesses.

[5, 6] The general rule is that character, whether good or bad, can only be proved by general reputation and evidence of particular acts or conduct is inadmissible, both on the direct and cross-examination, though in the latter a greater latitude is allowed than in the former; and, while a witness may sometimes on cross-examination be asked irrelevant questions to test his accuracy, veracity, or credibility, even on cross-examination the inquiry must be kept within bounds, and it is not permissible for the inquiry to extend to particular acts or to isolated facts. Thompson v. State, 100 Ala. 71, 14 South. 878. In other words, on the cross-examination of a witness who has testified as to the general good character of defendant, it is permissible to ask the witness if he had not heard it reported in the community that the defendant had committed certain unworthy acts, naming them, but this even is not allowed for the purpose of affecting the character of the defendant, but as evidence affecting the credibility of the witness testifying to good character. Carson v. State, 128 Ala. 58, 29 South. 608; Williams v. State, 144 Ala. 14, 40 South. 405; Smith v. State, 103 Ala. 57, 15 South. 866. Such examination is also permitted for the purpose of either showing that the witness was mistaken in his estimate, or for shedding light on his estimate of such character. Stout v. State, 15 Ala. App. 206, 72 South. 762.

On cross-examination of the defendant the court committed error in several instances in permitting the solicitor to inquire into many matters not germane to the issues involved upon this trial. William Abrams v. State, ante, p. 379, 84 South. 862; McQueen v. State, 108 Ala. 54, 18 South. 843.

For the errors pointed out, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.