(92 South. 524)

**COCHRAN v. STATE. (6 Div. 879.)***

(Court of Appeals of Alabama. Jan. 10, 1922. Rehearing Denied Feb. 21, 1922.)

1. **Grand jury** ⬤⟳31—**Indictment returned by grand jury on reassembling after dispersal held lawful.**

Under Acts 1915, p. 707, fixing the terms of court from the first Monday in January to and including 30th day of June, and from the first Monday after the 4th of July to and including the last Saturday before Christmas day of each year, and under Acts 1919, p. 1039, providing for the organization of a grand jury for each term of the court, "who shall be impaneled and sworn as the grand jury for the term of the court," where a grand jury was convened during a regular term of court, and was allowed to disperse and go to their homes without an order permitting them to take a recess, an indictment returned after the grand jury had reassembled pursuant to orders of the court was legal.

2. **Criminal law** ⬤⟳364(1)—**Conversation with accused while operating still held admissible.**

In prosecution for manufacturing prohibited liquors, conversation between the accused and other parties present at a still where whisky was being made, relative to the operations then going on, was admissible as a part of the res gestæ.

3. **Criminal law** ⬤⟳1169(12)—**Fact that accused admitted ownership of gun found near still held not prejudicial.**

In prosecution for manufacturing prohibited liquors, in which the presence of the accused at a still where whisky was being manufactured was not disputed, if accused's admission of ownership of a gun found near the still was immaterial, it was not injurious or prejudicial to his case.

4. **Witnesses** ⬤⟳274(2)—**Admission of evidence of character witness that he had heard that accused had been convicted of illegal sale of liquor held not error.**

In a prosecution for manufacturing prohibited liquor, permitting a witness who testified to the character of the accused to be asked on cross-examination whether the witness had heard that the accused had been convicted for selling liquor was not error.

5. **Criminal law** ⬤⟳815(9)—**Charge predicating acquittal on the consideration of part of evidence held bad.**

In prosecution for manufacture of prohibited liquors, a charge requested by the accused that it was the duty of the jury to weigh and consider all the evidence in the case, and if there was a reasonable doubt of defendant's guilt, arising out of any part of the evidence,

it was the jury's duty to give the defendant the benefit of the doubt, and return a verdict of not guilty, was bad, as predicating an acquittal on the consideration of part of the evidence, and was properly refused.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Elmer Cochran was convicted of manufacturing prohibited liquors, and he appeals. Affirmed.

The sheriff was examined as a witness for the state, and stated that he had a conversation with the defendant after he was arrested, and he was asked if the defendant said anything to him about who it was that mended the fire before Robinson and Butts were arrested. He replied that he did. Defendant had previously objected to the question, and after the question had been answered the witness was asked if, before the defendant made the statement, the witness or any one in his presence had offered the defendant any reward or inducement, or held out any hope, or made any threats, to procure or induce the statement.

The following is charge 2, refused to the defendant:

(2) It is the duty of the jury to weigh and consider all the evidence in the case, and if there is a reasonable doubt of the defendant's guilt, arising out of any part of the evidence, it is the jury's duty to give the defendant the benefit of such doubt, and return a verdict of not guilty.

Russell & Johnson, of Oneonta, for appellant.

The court erred in sustaining demurrers to the defendant's plea in abatement. Acts 1919, p. 1039. The court erred in its rulings on the evidence. 26 Ala. 44; 26 Ala. 107; 15 Ala. App. 681, 74 South. 764; 100 Ala. 17, 14 South. 859; 83 Ala. 1, 3 South. 749, 3 Am. St. Rep. 682; 205 Ala. 147, 87 South. 700; 200 Ala. 265, 76 South. 31; 14 Ala. App. 448, 70 South. 298. Charge 2 should have been given. 134 Ala. 24, 32 South. 764; 5 Ala. App. 103, 59 South. 713; 98 Ala. 19, 13 South. 540.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] On the trial the defendant filed the following plea in abatement:

"State v. Elmer Cochran.

"Comes now the defendant and for plea in abatement of the indictment saith that the grand jury which found the indictment in this case was illegal and without authority of law, in this: That on the 18th day of August, 1919, during a regular term of this court, a grand jury was organized and entered upon the discharge of their duties and were engaged in their labors until, to wit, on the 22d day of August, 1919, when they finished their labors and were discharged by the court, and allowed to disperse and go to their respective homes, and that at the time they finished their labors and dispersed the court did not make or enter on the minutes or records of said court any order permitting said grand jury to take a recess subject to the call of any judge of said court, or supernumerary judge or the Chief Justice of the Supreme Court; that on the ——— day of November, 1919, the court called a special term of said court to convene November 24, 1919, and then and there ordered said grand jury to reassemble on said 24th day of November, 1919, and that said grand jury, without further organization, found the indictment in this case and returned the same into this court on the 26th day of November, 1919, and was the same grand jury which had been discharged August 22, 1919, and without further reorganization.

"Russell & Johnson, Attys. for Defendant.
"Filed Dec. 6, 1920.
"H. C. Hood, Clerk."

This plea was demurred to, and demurrer sustained. Under an act of the Legislature of 1915 (Acts 1915, p. 707), the term of the circuit court is fixed from the first Monday in January to and including the 30th day of June, and from the first Monday after the 4th of July to and including the last Saturday before Christmas day of each year. By an act of the Legislature of 1919 (Acts 1919, p. 1039) it is provided for the organization of a grand jury for each term of the court, "who shall be impaneled and sworn as the grand jury for the *term* (italics ours) of the court." That the grand jury was permitted by the court to disperse and go to their several homes did not discharge them as grand jurors. They were and remained a part of the organization of the court until the expiration of the term, subject to the call of the presiding judge. The plea shows on its face that the grand jury reassembled at the call of the presiding judge, during the time fixed by law for the holding of the regular term of the court, and before the time of their duties as grand jurors had expired. The demurrers were properly sustained. Whittle v. State, 205 Ala. 639, 89 South. 43.

[2] The conversations between the defendant and other parties present at the still at the time the whisky was being made, relative to the operations then going on, were part of the res gestæ and as such were admissible.

[3] The fact that defendant admitted ownership of a gun found near the still may under the facts of this case have been immaterial, so long as there was no dispute as to his being present; but, if so, the fact was not injurious or prejudicial to defendant's case. The proper predicate was laid for the admission of the evidence tending to prove a

confession and hence the court's ruling was without error.

[4] A witness for defendant, who testified to the good character of defendant, was asked on cross-examination, "You have heard that he was convicted in Hanceville for selling liquor?" Under the decisions, this ruling was not error. Vaughan v. State, 201 Ala. 472, 78 South. 378; Jimmerson v. State, 17 Ala. App. 552, 86 South. 153; Vaughn v. State, 17 Ala. App. 383, 84 South. 879; Carson v. State, 128 Ala. 58, 29 South. 608.

The other rulings of the court on the evidence, if error, were without prejudice.

[5] Charge 2 predicated an acquittal on a consideration of a part of the evidence, and for that reason was bad.

We find no error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

Charge No. 2, as requested in writing by defendant, is materially different from charges held good in Forney v. State, 98 Ala. 19, 13 South. 540, and Beason v. State, 5 Ala. App. 103, 59 South. 712, in that the charge requested in the instant case begins by a statement of the duty of the jury, merely, to weigh and consider all the evidence in the case, which is elementary. It then proceeds to predicate an acquittal upon a reasonable doubt growing out of any part of the evidence, which is not the law, while · the charges in the cases supra predicate a reasonable doubt upon the whole evidence.

Application overruled.