(93 South. 236)

## MARSHAL v. STATE.  (6 Div. 896.)

(Court of Appeals of Alabama. April 4, 1922. Rehearing Denied May 9, 1922.)

I. Indictment and information ⊚⇒37—Demurrers to indictment charging offenses in statutory forms properly overruled.

Demurrers to an indictment charging larceny of an automobile, in a count following Code 1907, § 7161, form 64, and buying, receiving, concealing, or aiding in concealing an automobile, in a count following form 90, were properly overruled.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Criminal law ⊙⟹695(5) — Testimony as to stolen automobile purchaser's knowledge that seller was thief admissible, though time of acquiring knowledge was not specified, in view of objection on other ground.**

In a prosecution for buying, receiving, or concealing a stolen automobile, testimony that defendant said he had heard the seller was an automobile thief was properly admitted, though it was not specified whether he had heard it previous to the transaction, where defendant's sole objection to the question was on the general ground that it called for immaterial, irrelevant, and illegal testimony, and for a conclusion.

**3. Receiving stolen goods ⊙⟹8(I) — Jury may infer guilt from defendant's dealing with person he knew or had heard was thief.**

While it is necessary, to justify a conviction of buying or receiving a stolen automobile, that defendant knew it was stolen, the jury may draw an inference of guilt from defendant's dealing with one he knew or had heard was an automobile thief.

**4. Witnesses ⊙⟹274(2) — Cross-examination of character witness as to lack of knowledge of facts showing defendant's bad character held proper.**

In a prosecution for buying, receiving, or concealing stolen property, testimony, on cross-examination of witnesses who had testified that defendant's general character was good, that they had not heard that he had been indicted for perjury, was a common gambler, or had run a bad house was permissible, not. as affecting defendant's character, but as affecting the credibility of the witnesses.

**5. Criminal law ⊙⟹811(2) — Charge that there was no evidence as to certain facts reflecting on defendant's character properly refused.**

In a prosecution for buying, receiving, or concealing stolen property, where there was no evidence that defendant ever ran a house of ill fame, or was a gambler or liquor seller, a charge to such effect was properly refused, as singling out such facts as not having been proven.

**6. Criminal law ⊙⟹753(2) — Affirmative charge properly refused, where evidence was conflicting.**

Where the evidence was conflicting, the court properly refused the affirmative charge for defendant.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

Tom Marshal was convicted of buying, receiving, or concealing stolen property, and he appeals. Affirmed.

The following charge was refused to defendant:

"I charge you that there is no evidence in this case that the defendant ever ran a house of ill fame, or that he was a gambler, or that he was a liquor seller."

Murphy, Murray & Hanna, of Birmingham, for appellant.

Proof of knowledge that the property was stolen is an essential ingredient of the offense charged, but this cannot be shown in the manner here attempted. 8 Ala. App. 257, 62 South. 959; 78 Ala. 481, 56 Am. Rep. 45; 49 Ind. App. 565, 94 N. E. 771; 100 Cal. 459, 34 Pac. 1078. The court should have given the charge requested.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. [1] The defendant was convicted under the second count of an indictment which charged that he did buy, receive, conceal, or aid in concealing an automobile, and sentenced to the penitentiary for an indeterminate term of from two to five years. The first count charged the defendant with the larceny of an automobile. The demurrers to the indictment were properly overruled; the first count following form 64, and the second form 90, as set out in the Criminal Code (section 7161).

[2] The witness Hollums, for the state, testified to a conversation he had with the defendant, some time after the alleged crime, in which the defendant stated that one Lee, at Ragland, Ala., had asked defendant to buy for him a secondhand Ford car; that defendant had spoken to one McCoy in reference to aiding defendant to buy such a car; and that McCoy did secure a secondhand Ford, and that together they carried and delivered it to Lee at Ragland. The solicitor then asked the witness Hollums:

"I will ask you whether or not the defendant said anything about whether he knew McCoy was an automobile thief or not."

The objection interposed by the defendant to the question was on the grounds:

"That it called for immaterial, irrelevant, and illegal testimony, not germane to the issues in the case, and upon the further ground that it called for a conclusion of the witness."

The witness answered:

"I asked him if he did not know that, and he said he had heard it."

The motion to exclude the answer was placed on the same grounds as the objection to the question. Both the objection to the question and motion to exclude the answer were overruled. Serious insistence is now made that this testimony is illegal, in that it does not specify whether defendant had heard that McCoy was an automobile thief previous to the time of the transaction in reference to securing the automobile for Lee, the automobile in this case. The objection to this testimony, now interposed, could have easily been called to the attention of the trial court, and the solicitor would no doubt have been required to particularly fix the time

when the defendant first had knowledge that McCoy was an automobile thief, thus avoiding the question now raised. The objections to the question and answer were general, and the fact that defendant knew or had heard that McCoy was an automobile thief, under the objections interposed, was rightly left to the jury.

[3] While it is a necessary ingredient, to justify a conviction of buying or receiving a stolen automobile, that the defendant bought or received it, knowing that it was stolen (Hester v. State, 103 Ala. 83, 15 South. 857), yet it is a potent fact in determining this that the defendant was dealing with one whom he knew or had heard was an automobile thief; and he certainly had enough to give him warning, for in his own testimony the defendant stated that he had put up $750 cash bond to secure the appearance of this same McCoy, previous to this transaction, who was then charged with stealing an automobile. One who deals knowingly with such characters can well expect his actions to be questioned, and from such fact the jury may well draw an inference of guilt. There was no error in the ruling of the court in overruling the objection.

[4] Neither was there any error committed in the trial court permitting the solicitor, on cross-examination, to ask witnesses, who had testified that the defendant's general character was good, if they had not heard that the defendant had been indicted for perjury, that the defendant was a common gambler, and had run a bad house. While in each instance the witness stated they had not heard of any such charge, yet such testimony is permissible on cross-examination, not as evidence affecting the character of the defendant, but as evidence affecting the credibility of the witnesses testifying to good character. Vaughan v. State, 201 Ala. 472, 78 South. 378; Carson v. State, 128 Ala. 58, 29 South. 608; Andrews v. State, 159 Ala. 14, 48 South. 858; Williams v. State, 144 Ala. 14, 40 South. 405; Vaughn v. State, 17 Ala. App. 35, 81 South. 417.

[5] Written charge No. 1 was properly refused. As stated above, there was no evidence that the defendant ever ran a house of ill fame, that he was a gambler, or that he was a liquor seller, and the defendant could not, for any good reason shown by this record, single these things out, and ask for written instruction that there was no such evidence.

[6] The evidence was in conflict, and we are of the opinion that the trial court committed no error in refusing the affirmative charge requested by the defendant. Gibbs v. State, 130 Ala. 101, 30 South. 393; Rowland v. State, 140 Ala. 142, 37 South. 245.

We find no error in the record, and the judgment of conviction is therefore affirmed.

Affirmed.