48 So.2d 204

**KERVIN v. STATE.**

4 Div. 588.

Supreme Court of Alabama.
June 30, 1950.

Rehearing Denied Nov. 2, 1950.

A. A. Carmichael, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

————◆————

Ralph A. Clark, of Andalusia, and Hill, Hill, Whiting & Harris, of Montgomery, for appellant.

420

STAKELY, Justice.

Norris E. Kervin (appellant) was indicted for murder in the first degree. Upon trial he was convicted of murder in the second degree and punishment was fixed at twenty-five years in the penitentiary.

Appellant and Cousby Berry, the deceased, were brothers-in-law. On the day of the killing appellant and deceased were driving around in appellant's car. It was a muddy, rainy day and the car slid off the road on two different occasions. They managed to get the car back on the road and continue on their way but only after they got into a fight in the car. Both men were drinking. Early in the evening the two went to the house of appellant. Appellant's wife and child and the wife and child of deceased were at the house. As the two men entered the house appellant walked over to his wife, slapped her and knocked her down. The appellant's wife was the sister of deceased. Thereupon the deceased and the appellant began to scuffle. No blows were passed but the two men wrestled on the floor and over the bed, ending up with the deceased on top of accused. The deceased promised to let the appellant get up if the appellant would let him alone. This the appellant promised to do. However when the appellant got up he got a shot gun from the rack near the bed and ordered the deceased to leave. Tendencies of the evidence showed that the deceased had started to leave the room when he was shot. The charge of the shot gun entered the back of the head of the deceased. Appellant testified that the deceased was advancing upon him with a knife when he was shot. A pen knife was found held loosely in the hand of the deceased. No one saw the actual killing. Both women had left the house just before the shot was fired.

■ A number of witnesses testified to the good character of the accused. Numerous objections on the trial were made as to the manner of cross-examination of these witnesses. It is true, as contended by the appellant, that a character witness should not be cross-examined as to his knowledge of particular acts or conduct of the defendant in order to prove such acts or conduct. Moulton v. State, 88 Ala. 116, 60 So. 758, 6 L.R.A. 301; Way v. State, 155 Ala. 52, 46 So. 273; Cockrell v. State, 32 Ala.App. 618, 29 So.2d 152.

■ There is a difference, however, between proof of character and testing the credibility of a witness who has testified to good character. The rule was stated in Smith v. State, 103 Ala. 57, 15 So. 866, 871, as follows: "A witness who has testified in chief to the good character of the defendant may be asked on cross-examination whether or not he has heard of certain offenses (specifying them) charged against the defendant, before the beginning of the then pending prosecution. This is allowable only on cross-examination, not as evidence affecting the character of the defendant, but as evidence affecting the credibility of the witness testifying as to good character."

In the case of Hill v. State, 210 Ala. 221, 97 So. 639, 642, in speaking of cross-examination of character witnesses by reference to specific acts, the court said: "Such matters, whether as facts or as reputed facts, are not admissible as original evidence, but, as reputed facts, are properly inquired about on cross-examination to test the value of the witness' opinion."

In Mullins v. State, 31 Ala.App. 571, 19 So.2d 845, it is pointed out that the witness may be asked on cross-examination if he has not heard that the defendant had committed certain unworthy acts, naming them. We cite a number of cases where the cross-examination of character witnesses as to certain unworthy acts was upheld. Hill v. State, 210 Ala. 221, 97 So. 639; Stout v. State, 15 Ala. App. 206, 72 So. 762; Holmes v. State, 88 Ala. 26, 7 So. 193, 16 Am.St.Rep. 17; Terry v. State, 118 Ala. 79, 23 So. 776; Pierce v. State, 228 Ala. 545, 154 So. 526; Bullington v. State, 13 Ala.App. 61, 69 So. 319; Marshall v. State, 18 Ala.App. 483, 93 So. 236.

We have carefully examined the various questions propounded the various character witnesses on cross-examination and find that the court allowed questions that were properly framed and disallowed questions that were improper. We find no error in regard to these questions.

Objection is made to the manner in which the defendant and the defendant's wife were treated on cross-examination. The defendant's wife had made a prior written statement to some of the state officers. The questions propounded her on her cross-examination were designed to test the truth of her testimony and to determine whether the jury was to believe the written statement or her oral testimony. There is nothing, however, to show that the appellant's wife was abused or questioned in any disrespectful manner. The purpose of the questions was to determine whether the events were fresh in her mind at the time she made the written statement. Wide latitude on cross-examination to test the recollection of the witness is permitted and this latitude is largely within the discretion of the trial court and unless grossly abused will not be overturned. Alford v. State, 30 Ala.App. 590, 10 So.2d 370, certiorari denied 243 Ala. 404, 10 So.2d 373; Reeder v. State, 210 Ala. 114, 97 So. 73.

A number of instances claimed to show bad treatment of the defendant on cross-examination are cited in brief of appellant. In each of these instances the objections were sustained. Accordingly we find no error.

It is contended that improper conduct on the part of counsel for the state was highly prejudicial to the defendant. It is claimed that this conduct consisted of various improper questions propounded the defendant and his witnesses and that such conduct was so cumulative in its effect as to create ineradicable bias in the minds of the jury. In two instances during the course of the trial the defendant objected to the questions propounded and moved for a mistrial. In one instance in questioning the defendant about the fight between the deceased and the defendant while in the car the following questions were objected to: "Q. It is your testimony he could have cut you with a knife at that time? You are used to knife fights, aren't you? Q. As a matter of fact those scars on your neck are the results of a knife fight?" In this instance the court sustained the objection and on motion for mistrial advised the jury that the foregoing was excluded and had no part in the consideration of the case.

In cross-examination of the defense witness Nall, the witness was asked, "Q. Did you ever hear about him getting in a fight with a knife and getting cut on the neck?" (The solicitor pointed to scars on the defendant's neck.) When objection to the question was overruled, the defendant moved for a mistrial, which was overruled. Pretermitting the question of impropriety of the action of the solicitor, no grounds of the objection nor the grounds of the motion are set out in the record.

On motion for a new trial among the various grounds were two grounds based respectively on the foregoing rulings of the court in denying a mistrial because of reference to scars on the defendant's neck, but there is no ground in the motion for a new trial based on prejudice arising from cumulative acts or conduct of counsel for the state. Of course the cumulative effect of conduct or statements as being prejudicial could be raised during the trial with reference to such conduct or statements which had occurred to the time such question is raised, but no such question was raised in the case according to the record.

We conclude that the judgment of the lower court must be affirmed.

Affirmed.

BROWN, FOSTER, LIVINGSTON, LAWSON and SIMPSON, JJ., concur.