156 So.2d 926

**Ex parte Mary HAMILTON.**

**7 Div. 621.**

Supreme Court of Alabama.

Sept. 26, 1963.

Rehearing Denied Oct. 31, 1963.

Oscar W. Adams, Jr., Birmingham, Norman C. Amaker and Jack Greenberg, New York City and Chas. S. Conley, Montgomery, for petitioner.

Richmond M. Flowers, Atty. Gen., John G. Bookout, Asst. Atty. Gen., and Winston Huddleston, Sp. Asst. Atty. Gen., for the State.

MERRILL, Justice.

Petition for writ of certiorari to the Circuit Court of Etowah County to review a conviction of contempt of court.

Petitioner, Mary Hamilton, filed a petition for writ of habeas corpus in the Circuit Court of Etowah County. She was a witness in her own behalf and on cross examination she refused to answer the third question propounded to her. The trial court adjudged her to be in contempt and sentenced her to serve five days in jail and fined her $50. She has served the jail sentence.

The cross examination of petitioner was as follows:

"Q  What is your name, please?

"A  Miss Mary Hamilton.

"Q  Mary, I believe—you were arrested—who were you arrested by?

"A. My name is Miss Hamilton. Please address me correctly.

"Q Who were you arrested by, Mary?

"A I will not answer a question—

"BY ATTORNEY AMAKER: The witness's name is Miss Hamilton.

"A —your question until I am addressed correctly.

"THE COURT: Answer the question.

"THE WITNESS: I will not answer them unless I am addressed correctly.

"THE COURT: You are in contempt of court—

"ATTORNEY CONLEY: Your Honor—your Honor—

"THE COURT: You are in contempt of this court, and you are sentenced to five days in jail and a fifty dollar fine."

The power of the several courts to inflict summary punishment upon a witness for refusing to answer a lawful question is specifically authorized in Tit. 13, § 2, Code 1940.

"[I]t is every man's duty to give testimony before a duly constituted tribunal unless he invokes some valid legal exemption in withholding it." Ullmann v. United States, 350 U.S. 422, 76 S.Ct. 497, 100 L.Ed. 511.

Here, the question was a lawful one and the witness invoked no valid legal exemption to support her refusal to answer it.

The record conclusively shows that petitioner's name is Mary Hamilton, not Miss Mary Hamilton.

Many witnesses are addressed by various titles, but one's own name is an acceptable appellation at law. This practice is almost universal in the written opinions of courts.

In the cross examination of witnesses, a wide latitude is allowed resting in the sound discretion of the trial court and unless the discretion is grossly abused, the ruling of the court will not be overturned. Blount County v. Campbell, 268 Ala. 548, 109 So.2d 678; Kervin v. State, 254 Ala. 419, 48 So.2d 204. We hold that the trial court did not abuse its discretion and the record supports the summary punishment inflicted.

Petition for writ of certiorari denied.

LAWSON, GOODWYN and HARWOOD, JJ., concur.