Richard N. ARMSTEAD, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18042.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 18, 1964.

Decided Jan. 28, 1965.

---

Mr. Frank U. Fletcher, Washington, D. C., with whom Mr. John L. Tierney (both appointed by this court), Washington, D. C., was on the brief, for appellant.

Mr. Henry R. Goldstein (appointed by this court), Washington, D. C., also entered an appearance for appellant.

Mr. John A. Terry, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Robert X. Perry, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and FAHY and BURGER, Circuit Judges.

### PER CURIAM.

The appellant moved to dismiss the appeal and this motion was denied. After hearing full argument and considering the briefs and record, we see no reason not to grant this motion, which is now consented to by the United States Attorney.

 Although our action disposes of the appeal, one episode in the course of the trial requires comment. The United States Attorney upon addressing appellant in the course of cross-examination as "Mister Armstead" was advised by the District Judge not to "address defendants as Mister. We don't do that in this courtroom." A few moments later he added, "I want to say to explain my remark, I think witnesses and counsel

should be addressed as Mister or Mrs. or Miss, as the case may be, but not the defendant." In spite of this effort to "explain" we find the utterances inexplicable. When a defendant takes the stand he is a witness; he is entitled to the same form of address, the same courtesies and consideration as all others involved in the proceeding. The presumption of innocence, apart from other factors, requires no less than that nothing be permitted to trench on that presumption.

Since the appeal is dismissed at appellant's request after advice of able and experienced court-appointed counsel, we do not reach decision as to reversal on the grounds of the statements above set forth. The appeal will be dismissed.

All concur in this opinion and in Judge EDGERTON's opinion which follows.

EDGERTON, Senior Circuit Judge:

The Supreme Court has made it clear that a defendant is not in contempt of court if he refuses to answer a question, and persists in refusing after he has been ordered to answer, if he is improperly addressed. The Supreme Court of Alabama had approved the contempt conviction of a defendant who had persisted in refusing to answer a question unless she was addressed as Miss Hamilton, not Mary. Ex parte Hamilton, 275 Ala. 574, 156 So.2d 926 (1963). In a single order, the United States Supreme Court granted certiorari and reversed the judgment. The Court said only: "The petition for writ of certiorari is granted. The judgment is reversed. Johnson v. [State of] Virginia, 373 U.S. 61 [83 S.Ct. 1053, 10 L.Ed.2d 195]."[1] Hamilton v. Alabama, 376 U.S. 650, 84 S.Ct. 982, 11 L.Ed.2d 979 (1964).

It seems to us that by putting the defendant in a different category from other witnesses, and forbidding the prosecu-

---

1. Mr. Justice Black concurred in reversal "for reasons discussed in In re Murchison, 349 U.S. 133 [75 S.Ct. 623, 99 L.Ed. 942], In re Oliver, 333 U.S. 257 [68 S.Ct. 499, 92 L.Ed. 682], and Thompson v. City of Louisville, 362 U.S. 199 [80 S.Ct. 624, 4 L.Ed.2d 654]. Cf. Offutt v. United States, 348 U.S. 11 [75 S.Ct. 11, 99 L.Ed. 11]." Three Justices expressed the "opinion that certiorari should be denied" but did not express approval of the Alabama judgment.

tor to address him as Mr. Armstead, the District Judge encroached on the jury's function in a way which cannot be reconciled with the fundamental principle that defendants are presumed to be innocent until they are proved guilty beyond a reasonable doubt. Even if he had already been convicted, forbidding the prosecutor to address him as Mister would have been inappropriate. In their dealings with criminals, trial judges represent society. If society's representatives needlessly degrade or humiliate a criminal they tend to make him more hostile to society, thereby reducing the chance of rehabilitation and increasing the chance of recidivism.

Appeal dismissed.