UNITED STATES of America, Plaintiff,

v.

Nathaniel JONES, Defendant.

Nos. CR–94–C–0173–S, CR–96–C–0239–S.

United States District Court,
N.D. Alabama,
Southern Division.

Sept. 26, 1997.

David S. Luker, John William Cole, Barrister Hall, Birmingham, AL, for Defendant.

G. Douglas Jones, U.S. Atty., John Clay Earnest, Jr., U.S. Attorney's Office, Birmingham, AL, U.S. Marshal, U.S. Marshal's Office, Birmingham, AL, U.S. Probation, U.S. Probation Office, Birmingham, AL, for Plaintiff.

## MEMORANDUM OF OPINION

CLEMON, District Judge.

In these cases, the defendant Nathaniel Jones is variously charged with engaging in a continuing criminal enterprise, distribution of substantial amounts of cocaine, and money laundering. Trial is now scheduled for November 3, 1997.

### I

On July 31, 1997, a letter addressed to "Judge U.W. Coleman" was delivered by the United States Postal Service to the undersigned judge. The letter reads, in pertinent part, as follows:

Dear Judge Coleman:

I am writing you to lodge a complaint against Assistant U.S. Attorney John Earnest. I reside in Atlanta, Georgia and I was subpoenaed to testify before the grand jury on July 10, 97 in Birmingham, Alabama dealing with a Mr. Nathaniel Jones. The case number is CR94–H–0173–S and I was informed that you are the judge of record. On July 10, 97 Mr. Earnest requested me to come into his office and answer some questions. Mr. Bobby Redman was also present at this meeting. When it became apparent that I was not giving the type of response that Mr. Earnest desired he stated to me and I quote "Get——out of—my office, and I'm used to dealing with whores with attitudes." I felt that this was very improper and unprofessional conduct. I am an African American female, and I believe that this was a case of harassment and intimidation. Inasmuch as I was a witness, I felt that this was inappropriate behavior and conduct unbecoming an officer of the court. I felt very threatened . . .

The letter is unsigned, but the envelope bears the name of a "Karen Parks" of East Point, Georgia.

On receipt of the letter, the court ordered the Office of the United States Attorney ("USA") to respond.

 In their response, USA Caryl Privett and Assistant USA ("AUSA") John Earnest state, among other things:

After a fruitless and most unpleasant interview [of Ms. Parks] of ten minutes or less, AUSA Earnest stated that she could return to the grand jury room. As Ms. Parks left she loudly complained that she was being harassed. At this point AUSA

Earnest responded, "I have been doing this for over 15 years, and *I have dealt with dozens of crack whores. Your attitude is just like theirs.*" Government's Response to Court's Order of July 31, 1997, p. 9. (emphasis added).[1] They then proceed to argue that Ms. Parks's complaint is at once "unfounded," "misleading," and "possibly made in bad faith." *Id.* They say that it was Ms. Parks' own "incivility, insulting remarks and combative behavior"[2] which resulted in an interaction "totally unpleasant for all parties concerned." *Id.* pp. 9–10.

The USA asserts that "neither the order entered by the court nor the letter attached thereto make sufficiently clear the nature of the court's inquiry or concern." *Id.* p. 2.

In any event, the USA maintains that there has been no inappropriate conduct on behalf of the United States.

### II

This judge is concerned because of the allegation that a United States citizen, summoned by court process to testify before a grand jury, has been demeaned, insulted, and slandered in the interim by an officer of the court for invidious reasons.

The court simply cannot endorse the USA's view that the conduct of AUSA Earnest was appropriate under the circumstances. *Ex parte Hamilton,* 275 Ala. 574, 156 So.2d 926 (1963); *rev'd, Hamilton v. Alabama,* 376 U.S. 650, 84 S.Ct. 982, 11 L.Ed.2d 979 (1964). Mr. Earnest's similitude of Ms. Park's attitude to that of a crack whore stops just short of labeling her as one.

This court categorically condemns, rather than condones, such conduct.

 However, since the conduct did not occur in the presence of the court, or, indeed, within the confines of the courthouse, this court lacks power to address the issue.

The Court presumes that the offensive conduct of which Ms. Parks complains is uncharacteristic of the office of the United States Attorney for the Northern District of Alabama and, indeed, of Assistant United States Attorney John Earnest.

---

1. The USA's response was filed under seal. In the concluding paragraph of her response, she incidentally moves that the court's order requiring a response, the response, and any subsequent orders "be sealed pursuant to the requirements of *Fed. R. Crim. P.* ("Rule") 6(e)." *Id.,* 10.

Rule 6(e) simply requires that "[r]ecords, orders and subpoenas relating to grand jury proceedings shall be kept under seal to the extent and for such time as is necessary too prevent disclosure of matters occurring before a grand jury." *Id.*

Ms. Parks' complaint does not relate to a matter occurring before a grand jury. Rather, she complains of a matter relating to the office of the United States Attorney. It goes without saying that in the American legal system, the USA and her assistants are not the grand jury.

The court order requiring a response to Ms. Parks'. complaint likewise does not relate to a matter occurring before the grand jury.

However, paragraphs 3,4,10,12,15,16,17,18, and 20 of USA's response relate to matters occurring before a grand jury. The USA's motion to seal will be granted, by separate order, only with respect to those paragraphs.

2. The USA's response does not particularize a single "verbally abusive," "combative and aggressive," "nonresponsive," and/or "abusive and loud" statement by Ms. Parks.