# Enterprise Lumber Co. *v.* Porter & Newton.

### *Damages to Land by Excavation.*

(Decided June 4, 1908. 46 South. 773.)

1. *Eminent Domain; Damages to Property Not Taken; Grading Streets.*—Irrespective of his ownership of the fee in the street an abutting owner is entitled, under section 235, Constitution 1901, to compensation for damages to property caused by changing the grade of a street.

2. *Same; Measure of Damages.*—In condemnation proceedings the measure of damages to the property not taken is the difference between the actual market value of the property not taken before and after the work is done, and under such proceedings, testimony as to damages not including any increase in value is improperly admitted, and testimony as to whether the change·had increased the value of the land is improperly excluded.

3. *Witnesses; Cross Examination; Purposes.*—In order to test the accuracy of a witness' knowledge, the reasonableness of his estimate and the credibility of his testimony, on the question of value, it is proper on cross examination to elicit from him what he paid for the land and what he asked for it in the market.

Appeal from Houston Circuit Court.

Heard before Hon. H. A. Pearce.

Action by Porter & Newton against the Enterprise Lumber Company for damages to adjacent property from excavation and occupation of a street for railroad purposes. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The facts and the objections and exceptions to testimony are sufficiently set out in the opinion of the court. The following charge was refused to the defendant: "(5) The court charges the jury that, if they find for the plaintiffs in this case, the measure of their damages is the difference between the fair market value of the land described in the complaint just before the 1st day of August, 1905, and its value on the 1st day of January, 1906.

ESPY & FARMER, for appellant. Every person has the right to make excavations on his land if he does not cause the land of the adjoining owner to undermine or cave in, and no right of action grows out of it from the destruction of the way of ingress and egress to another's property.—18 A. & E. Ency. of Law, (2nd Ed.) p. 542, 547; *Moody v. Sullivan,* 39 Ala. 45; *Hobbs v. Miles,* 57 Ala. 175. The person who does not own the fee in the street but simply owns land adjoining the street is not entitled to damages on account of lowering the grade of the street.—*Montgomery v. Maddox,* 89 Ala. 188. The plaintiff should have tested the pleas by demurrer and not by motion to strike.—*Dalton v. Bunn,* 137 Ala. 175; *Troy Fert. Co. v. The State,* 134 Ala. 334; *Brooks v. Continental Ins. Co.* 125 Ala. 615. The court erred in admitting testimony as to the damage done the land having no regard for the increase in the value thereof, and also erred in refusing to admit testimony of the enhanced value of the property, since the excavation.—*Town of Eutaw v. Bostick,* 43 South. 739; *Avondale v. McFarland,* 101 Ala. 381; *Matthews v. H. A. & B. R. R. Co.* 99 Ala. 24; *Buist v. Guice,* 105 Ala. 518; *Laird v. Laird,* 121 Ala. 583.

R. D. CRAWFORD, for appellee. As abutting owners, although without fee in the street, appellees were entitled to recover for damages done their property by the

grading.—3 Abbott on Munic. Corp. sec. 843; *H. A. & B. R. R. Co. v. Matthews,* 99 Ala. 27; *Southern Bell v. Francis,* 109 Ala. 228. As to the question of damages, the court's attention is called to *City of Montgomery v. Lemle,* and the case of *H. A. & B. R. R. Co. v. Matthews, supra;* Sec. 1718, Code 1896. These same authorities are cited on the question of introduction and exclusion of evidence.

SIMPSON, J.—This action was brought by the appellee against the appellant, and claimed that the defendant, in constructing a railroad along the streets of the town of Dothan, so lowered the grade of said streets as to greatly impair the ingress to and egress from plaintiff's property. It is first insisted by the appellant that inasmuch as it is not shown that appellee (plaintiff) owned the fee in the street, and, consequently, no land of his was "taken," he could not recover for the mere injury to his property; and he cites the general authorities on the subject of the right of a landowner to excavate upon his own land, provided he does not undermine the land of the adjacent proprietor, etc. Section 235 of our present Constitution (of 1901) provides that "municipal and other corporations and individuals, invested with the power of taking property for public use, shall make just compensation  *  *  * property taken, injured or destroyed," etc. Appellant insists that, notwithstanding this clause was also in the Constitution of 1875, yet there is an intimation in the case of City *Council of Montgomery v. Maddox,* 89 Ala. 188, 7 South. 433, that the adjoining landowner is not entitled to compensation for injury to his property unless he owns the fee in the street. In that case the court merely alludes to the distinction made in other jurisdictions, as to "compensation for the taking of streets.

between cases in which the abutting owner has the fee, and those in which the fee is in the public, and goes on to remark that it is not necessary to decide whether any such distinction can be made under our present constitution, and holds that "under the provisions of our present constitution, if the contiguous proprietor of a house and lot· is injured, in the sense of being damaged, by the grading of a street," and "the pecuniary value of such property is diminished, the owner is entitled to be compensated."—89 Ala. 188, 189, 7 South. 436. There is certainly no such intimation in that case as would override the plain words of the constitution, and we hold that the abutting owner is entitled to be paid for any injury to his property, by changing the grade, whether he owns the fee in the street or not.—*Highland, etc., R. Co. v. Matthews,* 99 Ala. 24, 10 South. 267, 14 L. R. A. 462; *City Council of Montgomery v. Maddox,* 89 Ala. 181, 7 South. 433.

The sixth, seventh, and eighth pleas of the defendant, which were stricken by the court, raise the question as to the measure of damages. The appellee claims that, though it may be true that these pleas were improperly stricken, and that the proper practice would have been to raise the point by demurrer, rather than a motion to strike, yet it was error without injury, because the defendant could have had the benefit of the same defense under the general issue; but, as the same question is raised by various objections to testimony and by charges asked and refused, it becomes necessary to decide this point. This court has recently had this matter under consideration, and after a careful examination of the authorities has recognized the distinction between compensation for the actual taking of land and damages to property not taken, and has held that, in assessing damages to property not taken, the measure "is the differ-

ence between the actual market value before and after the work done."—*Town of Eutaw v. Botnick*, 150 Ala. 429, 43 South. 739, 741. The case of *Highland Avenue & Belt Railroad v. Matthews*, 99 Ala. 24, 10 South. 267, 14 L. R. A. 462, does not conflict with the last-cited case, as in the *Matthews Case* the only question considered by the court was whether the plaintiff could recover his entire damages, or only such as had accrued before action brought, and be put to successive actions for subsequent damages, and, while one of the charges did seek to raise the question, yet the court takes no special notice of that charge, but states that 'the damages in such case are to be measured by the depreciation in the market value of the property caused by the structure in question."—99 Ala. 31, 10 South. 270. The court, consequently, erred in allowing the witness to be examined as to the damage "not including any increase in value  *  *  *  from the building of said railroad," and in refusing to allow the witness to answer the question as to whether the building of the railroad had not really increased the value of the land, in sustaining and overruling other objections raising the same question, and also in refusing to give charge numbered 5, requested by the defendant.

The questions to the witness Newton, on cross-examination, as to what he had paid for the land shortly before and as to what it was placed on the market for, were proper for the purpose of testing the accuracy of his knowledge, the reasonableness of his estimate, and the credibility of his testimony.—*Town of Eutaw v. Botnick, supra,* and cases cited. Consequently the court erred in sustaining objections to those questions.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.