(114 So. 49)

**ALABAMA POWER CO. v. HERZFELD.**
**(5 Div. 946.)**

Supreme Court of Alabama. April 7, 1927.

Rehearing Denied June 30, 1927. Further Rehearing Denied Oct. 27, 1927.

1. **Eminent domain** ⊜⇒257—**General appeal from order condemning lands is sufficient (Code 1923, § 7193 et seq. and § 7476 et seq.).**

A general appeal from order of condemnation in proceeding to condemn lands for reservoir under Code 1923, § 7193 et seq. and § 7476 et seq., is sufficient for all purposes.

2. **Eminent domain** ⊜⇒257—**Permitting owner, on appeal from order condemning land pursuant to petition separately describing tracts, to amend appeal to include tracts separately described, held erroneous (Code 1923, § 7193 et seq. and § 7476 et seq. and §§ 7478, 7483, 7492).**

Where lands described in petition under Code 1923, § 7193 et seq. and § 7476 et seq., to condemn certain lands therein described for reservoir, properly designated tracts as separate and distinct tracts as required by sections 7478, 7483, the owner on appealing from award should have conformed thereto, and permitting amendment of appeal after expiration of time provided by section 7492 to include lands separately described *held* erroneous.

3. **Eminent domain** ⊜⇒134—**Adaptability of land sought to be condemned as power site is properly considered in determining value (Code 1923, § 7193 et seq. and § 7476 et seq.).**

In proceeding under Code 1923, § 7193 et seq. and § 7476 et seq., to condemn certain lands for a reservoir, adaptability of such land as a power site is proper to be considered in determining value.

4. **Eminent domain** ⊜⇒202(1)—**That petitioner desired to condemn land is not to be considered as element of value (Code 1923, § 7193 et seq. and § 7476 et seq.).**

Fact that petitioner in condemnation proceeding under Code 1923, § 7193 et seq. and § 7476 et seq., should desire to condemn land is not to be considered as an element of its value.

5. **Eminent domain** ⊜⇒134—**Instruction denying recovery of "any damages and compensation based on power site" held properly denied.**

In proceeding to condemn land for power site, instruction denying recovery of "any damages and compensation based on a power site" *held* properly denied as prohibiting consideration of land's adaptability as element of damage.

6. **Evidence** ⊜⇒502—**Refusal to permit cross-examination of witness testifying to value of land as power site, relative to whether flood rights had been acquired, held erroneous (Code 1923, § 7193 et seq. and § 7476 et seq.).**

In proceeding under Code 1923, § 7193 et seq. and § 7476 et seq., to condemn certain lands for reservoir, denying petitioner right to cross-examine witness, testifying to value of land as power site, as to whether his mother who was owner had acquired any flood rights above such site, *held* erroneous.

7. **Evidence** ⊜⇒502—**Refusal in condemnation proceeding to permit cross-examination as to protesting tax assessment held not erroneous, in absence of showing assessment did not exceed that of later year (Code 1923, § 7193 et seq. and § 7476 et seq.).**

In condemnation proceedings under Code 1923, § 7193 et seq. and § 7476 et seq., refusal to permit cross-examination of witness, testifying as to value, relative to whether he had appeared before tax board and protested valuation as too high, *held* not erroneous, in absence of sufficient showing that assessment for such years did not exceed amount of later assessment thereon.

8. **Appeal and error** ⊜⇒501(3)—**Ruling on objection presents nothing for review, absent showing of exception.**

Ruling of court on objection to evidence presents nothing for review, where record fails to show an exception reserved thereto.

9. **Evidence** ⊜⇒502—**Witness testifying to value based on land's productivity is subject to cross-examination as to knowledge of production cost (Code 1923, § 7193 et seq. and § 7476 et seq.).**

In condemnation proceedings under Code 1923, § 7193 et seq. and § 7476 et seq., witness testifying as to value of land based on its pro-

ductiveness is subject to cross-examination relative to knowledge of cost to produce crops for purpose of testing accuracy of his knowledge and reasonableness of estimate and credibility of testimony.

**10. Eminent domain ⬳131—"Income" is element of market value determinable from property's productiveness.**

"Income" is an element of market value, which value, generally speaking, is determined by property's productiveness, or profits which its use brings to owner.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Income.]

Appeal from Circuit Court, Tallapoosa County; N. D. Denson, Judge.

Condemnation proceeding instituted by the Alabama Power Company against Julia Herzfeld. From the judgment fixing the value of the land, petitioner appeals. Reversed and remanded.

Charge A refused to petitioner is as follows:

"The court charges the jury that the land owner in this case is not entitled to recover any damages and compensation based on a power site."

J. Sanford Mullins, of Alexander City, Jas. W. Strother, of Dadeville, and Martin, Thompson, Foster & Turner, of Birmingham, for appellant.

Each paragraph in an application to condemn lands is a separate suit. Code 1923, §§ 3861, 3866; Ala. Power Co. v. Adams, 191 Ala. 54, 67 So. 838. An appeal from an order of condemnation cannot be legally taken after the expiration of 30 days from the date of the order. Code 1923, § 7492; State v. Williams, 125 Ala. 116, 28 So. 401. Where a witness has testified as to his opinion of the value of land, great latitude in cross-examination should be allowed. Tanner v. L. & N., 60 Ala. 621; Phœnix Ins. Co. v. Copeland, 86 Ala. 551, 6 So. 143, 4 L. R. A. 848; Snell v. Roach, 150 Ala. 469, 43 So. 189; Pritchard v. Fowler, 171 Ala. 662, 55 So. 147. To entitle the landowner to compensation based on the value of the land as a power site, it is necessary for the land required for same to be under one ownership, and value of the land as a power site cannot be predicated on an unexpected exercise of the power of eminent domain. New York v. Sage, 239 U. S. 57, 36 S. Ct. 25, 60 L. Ed. 143; Id. (D. C.) 230 F. 932; Medina Valley Irrigation Co. v. Seekatz (C. C. A.) 237 F. 805; U. S. v. Boston Canal Co. (C. C. A.) 271 F. 877; McGovern v. New York, 229 U. S. 363, 33 S. Ct. 876, 57 L. Ed. 1228, 46 L. R. A. (N. S.) 391.

S. J. Darby, of Alexander City, and T. D. Samford and Barnes, Walker & Barnes, all of Opelika, for appellee.

Under article 24, c. 274, and section 7478 of the Code of 1923, there is no authority to subdivide a single tract of land into separate paragraphs. Ala. Power Co. v. Adams, 191 Ala. 54, 67 So. 838; Ala. Cent. R. Co. v. Musgrove, 169 Ala. 424, 53 So. 1009. Parties to a condemnation proceeding cannot make a subdivision of a tract of land the unit of value. Ala. Cent. R. Co. v. Musgrove, supra. The general provisions of the Code relating to amendments apply to condemnation proceedings on appeal to the circuit court. Newton v. Ala. Mid. R. Co., 99 Ala. 468, 13 So. 259; Stollenwerck v. Elmore County, 210 Ala. 490, 98 So. 466; Ala. Power Co. v. Adams, 191 Ala. 54, 67 So. 838. Any one of the parties may appeal. Code 1923, § 7492. Gross income does not determine value. 22 C. J. 181. Any use for which the property may be adapted may be considered; and, if the land has an adaptability for the purposes from which it is taken, the owner may have this considered in the estimate, as well as any other use of which it is capable. U. S. v. Chandler-Dunbar W. P. Co., 229 U. S. 53, 33 S. Ct. 667, 57 L. Ed. 1063; Miss. Boom Co. v. Patterson, 98 U. S. 403, 25 L. Ed. 206; Ala. Cent. R. Co. v. Musgrove, supra; New York v. Sage, 239 U. S. 57, 36 S. Ct. 25, 60 L. Ed. 143.

GARDNER, J. Appellant filed its petition in the probate court of Tallapoosa county against appellee and other property owners, to condemn certain lands therein described for a reservoir above its dam on the Tallapoosa river. Section 7193 et seq. and section 7476 et seq., Code of 1923. From the valuation of the property as fixed by the commissioners appointed by the probate court, appellee appealed to the circuit court, where the cause was tried before a jury, and from the judgment there rendered the petitioner in the court below has prosecuted this appeal.

There were other lands and owners embraced in separate paragraphs in the petition, but by agreement of the parties all are omitted except appellee and description of her property. The lands here involved were described in paragraphs 26, 28, 29, 30, and 31. For convenient reference the lands were designated as the "Home Place," consisting of 372 acres, and the "Mill Place," embracing 80 acres. The lands of the Mill Place are described in separate paragraphs 29 and 30. Separate awards were made by the commissioners as to the lands in the several paragraphs and likewise was the final order of condemnation.

[1] As to the lands in paragraph 29, the ownership was alleged to be in appellee and N. S. Walker, and those in paragraph 30 the ownership was averred as in the same parties, but with the exception that in this latter paragraph is the averment that the lands are

subject to a mortgage executed by N. S. Walker to the Federal Land Bank, a corporation, also made party to the proceedings. The final order of condemnation entered in the probate court was of August 6, 1925, and on August 24th thereafter (and within the 30 days as provided by section 7492, Code of 1923) appellee gave notice of appeal to the circuit court. In this notice all the lands here involved were specifically described, except those in paragraph 29. Upon the cause being reached for trial in the circuit court on February 8, 1926, the defendant (appellee here), over the objection of appellant, was permitted to amend her appeal so as to include the land in paragraph 29 of the application. Exception was duly reserved, and this ruling constitutes the assignment of error first here presented. A general appeal from the order of condemnation would have sufficed for all purposes. Stollenwerck v. Elmore County, 210 Ala. 489, 98 So. 466. But the appeal here considered can only be construed as one from the final order affecting the lands therein specifically described and as set forth in the respective paragraphs. Those described in paragraph 29 were omitted. From the averments of the petition the lands in paragraph 29 and 30 were properly placed in separate paragraphs. The alleged interest of the Federal Land Bank distinguished paragraph 30 from that of paragraph 29. The provisions of sections 7478 and 7483, Code of 1923, clearly show that the applicant in preparation of the petition is expected to treat as separate and distinct tracts of land where there is diverse ownership or interest. A consideration of the provisions of section 7501, Code of 1923, for a hearing of any contest among the alleged owners or interested parties over the distribution of the award, adds emphasis to this conclusion. The petition therefore was in harmony with the statute, and the lands embraced in these two sections were properly described in separate paragraphs. This being true, it follows, also, that the owners may appeal from the order or judgment as to the lands in one separate paragraph and not appeal from the judgment as to other paragraphs.

In such a case, no appeal having been taken from the order of condemnation as to such distinct tract of land set forth in separate paragraph, bond by the applicant as provided in section 7493, Code, could not be required.

We do not think it is an answer to the insistence for error here made that it appears from the evidence that appellee was the sole owner of the land. In proceedings of this character the petitioner omits any interested party at his peril, and pursues. the proper course in making a party thereto any one shown by the record to have any interest in the land, or of whom he has notice of a claim of interest therein. It is not a contest as to the title of the property, and for the purpose here in hand the averments of the petition in the instant case must control.

[2] Upon the face of the petition the lands in paragraphs 29 and 30 were properly so designated, and we feel constrained to hold in taking the appeal appellee should have conformed thereto, and given notice of an appeal from the award also as to lands in paragraph 29, if dissatisfied therewith. To our minds the logic of the situation leads to the conclusion that the court was in error in allowing the amendment of the appeal so as to include the lands in paragraph 29 after the expiration of the time for such appeal. We have examined the authorities cited by appellee (Ala. Power Co. v. Adams, 191 Ala. 54, 67 So. 838; Ala., etc., Ry. Co. v. Musgrove, 169 Ala. 424, 53 So. 1009; Newton v. Ala. Mid. R. Co., 99 Ala. 468, 13 So. 259; Stollenwerck v. Elmore County, supra), but we are of the opinion that they do not militate against the conclusion here reached.

[3, 4] Running through a portion of the Mill Place is Elkahatchee creek, upon which was at one time located a mill. There was evidence by the defendant as to the valuation of this property based upon the adaptability of this site for the development of hydroelectric power, or, to state it more succinctly, its adaptability as a power site. Its adaptability for such purpose is proper to be considered in the determination of the value of the land. As was said by the court in Mississippi & Rum River Boom Co. v. Patterson, 98 U. S. 403, 25 L. Ed. 206:

"The inquiry in such cases must be what is the property worth in the market, viewed not merely with reference to the uses to which it is at the time applied, but with reference to the uses to which it is plainly adapted; that is to say, what is it worth from its availability for valuable uses."

Of course, the fact that appellant should desire to condemn it is not to be considered as an element of its value, and such is, we think, the extent of the holding in the case of City of New York v. Sage, 239 U. S. 57, 36 S. Ct. 25, 60 L. Ed. 143, and Medina Valley Irr. Co. v. Seekatz (C. C. A.) 237 F. 805, cited by counsel for appellant.

[5] Refused charge A may be properly construed as excluding a consideration of any adaptability for such purposes, and its refusal was not error.

[6] We think, however, it was proper for petitioner to show on cross-examination of defendant's son Harry Herzfeld, testifying to such power site, that his mother had never acquired any flood rights above this site—a like question was asked the other son Sid Herzfeld. Objections of defendant were sustained and exception duly reserved. This was an element of proof proper to be considered by the jury in a determination of such valuation, and these assignments of error (6 and 9) were well taken.

The record is not clear as to the exact location of this power site. If it should appear that it is located on the 40 acres embraced in paragraph 29 of the petition, all questions in regard thereto will of course be eliminated on another trial, in view of our ruling as to the amendment herein discussed.

[7] If the assessment of the home place for 1917 and 1918 was not exceeding the amount of 1925, shown to be $2,680, then the question on cross-examination, asked the witness Harry Herzfeld, whether or not he appeared before the tax board in 1917 and 1918 and protested the valuation thereof as too high, should have been allowed. But this does not sufficiently appear to put the trial court in error in sustaining the objection to the question, and therefore the seventh assignment of error does not present reversible error.

[8] The witness Sid Herzfeld testified to a valuation of the Home Place at $40,000 to $45,000. For a number of years he had general charge of the place for his mother, appellee here. During those years he "got part of the revenues off the place," and was asked by petitioner on cross-examination, how much revenue did the place produce during those years? Defendant's general objection thereto was sustained, and exception reserved. A somewhat similar question as to whether or not the place had been producing any net revenue was asked another son of appellee, who testified as to valuation, and objection was sustained thereto; but as the record fails to show an exception reserved, this latter ruling presents nothing for review.

[9] The fourth assignment of error relates also to ruling on evidence relating to the question of productivity of the land, but no exception appears to have been reserved. Witness G. S. Campbell testified as to the value of the land, and that it was based upon the productiveness of the land. He stated as to the amount of crops raised on the place, and was asked if he knew what it cost to produce those crops. Defendant's general objection was sustained, and exception duly reserved. These rulings as to which exceptions were reserved constitute assignments of error 10 and 13. We think the objections to these questions should have been overruled.

[10] Income is an element of market value. "The value of property, generally speaking, is determined by its productiveness—the profits which its use brings to the owner." Monongahela Navigation Co. v. U. S., 148 U. S. 312, 13 S. Ct. 622, 37 L. Ed. 463. "The net revenue arising from the use of land may be shown on an issue as to value, although it does not furnish a conclusive test." 22 Corpus Juris, 181. These questions were proper for the purpose of testing the accuracy of the knowledge of the witness, the reasonableness of his estimate, and the credibility of his testimony. Enterprise Lbr. Co. v. Porter &

Newton, 155 Ala. 426, 46 So. 773; Pritchard v. Fowler, 171 Ala. 662, 55 So. 147.

As previously noted, defendant's objection to questions of this character were sustained, and we are of the opinion the rulings constitute reversible error.

For the errors indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.