145 So. 503

## UNION FIRE INS. CO. OF PARIS, FRANCE, v. RYALS.

### 6 Div. 225.

Court of Appeals of Alabama.
Nov. 1, 1932.

Rehearing Denied Jan. 10, 1933.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

Prosch & Prosch, of Birmingham, for appellee.

SAMFORD, J.

There are in this record some eighty-five assignments of error, which are presented in ten propositions of law in appellant's brief. It is obvious that to treat each assignment of error in this opinion would entail much useless labor and extend the opinion to unnecessary length. This is evidently the position taken by appellant in grouping its contentions under the ten heads as indicated in its brief.

■ Under proposition II appellant states the proposition that: One who disclaims familiarity with a piece of real property, or who testified that he does not know the value of land in that neighborhood, should not be allowed to testify as to its value. This is a correct statement of the law as decided in Adler & Co. v. Pruitt, 169 Ala. 213, 53 So. 315, 32 L. R. A. (N. S.) 889, and other cases; but the rule does not apply where, as in this case, the witness testifying, testifies as to a familiarity with the property and as to its value. The weight of such evidence is for the jury.

■ Appellant cites many authorities and argues at length that defendant was entitled to the affirmative charge on its plea 5, which, after setting up the provisions of the policy as to fraud and false swearing, averred that plaintiff after the loss swore in writing that the origin of the fire was unknown to her, when it was admitted that at the time she filed the proof of loss, she knew that one John Thomas had confessed to having set fire to the building. "A false answer as to any matter of fact material to the inquiry, knowingly and willfully made with intent to deceive the insurer, would be fraudulent." Tubb v. Liverpool & London & Globe Ins. Co., 106 Ala. 651, 17 So. 615, 617. If, therefore, plaintiff knew that Thomas set fire to the house and in making proof of loss she swore she did not know, this would be fraud. But, if she had only heard of the confession of Thomas, such hearsay would not justify plaintiff in swearing that she knew that Thomas did burn the house. This was one of the points litigated in this case and was on the facts a question for the jury.

■ We are also of the opinion that the evidence is such as to prove the general agency quoad hoc of Manly & Co., and that notice and proof of loss filed with Manly & Co., the local agents of defendant, was sufficient notice to defendant. The law is as is stated by us in Royal Ins. Co., Limited, v. Eggleston, 19 Ala. App. 638, 99 So. 828, but in that case the notice stopped with the clerk in the office, while in the instant case, Manly, the manager of Manly & Co., the agent of defendant, admits that the notice came to his hand. Whether the clerk in Manly & Co.'s office acted for plaintiff or Manly in delivering the written proof of loss to him is of no moment; in either event she acted as a conduit and the notice reached a responsible agent of defendant.

■■ The principal insistence of error is that the court should have granted the defendant's motion for a new trial on account of the weight of the evidence in its favor. We enter into a consideration of this question fully conscious of the presumptions in favor of the verdict of the jury and the weight to be given to the ruling of the trial judge before whom the hearing was had as declared in Cobb v. Malone, 92 Ala. 630, 9 So. 738, and the many decisions of the Supreme Court and of this court following the rule there stated. But, there is another rule just as well established by precedent and which is grounded in justice and right; that the appellate courts will grant a new trial where the verdict is contrary to the great weight of the evidence and where the court is convinced that the verdict is wrong and unjust. American Na-

tional Insurance Company v. Rosebrough, 207 Ala. 538, 93 So. 502; Mutual Life Insurance Company v. Mandelbaum, 207 Ala. 234, 92 So. 440, 29 A. L. R. 649; Twinn Tree Lumber Company v. Day, 181 Ala. 565, 61 So. 914. The defendant sought to prove that the plaintiff hired one Thomas to set fire to the building described in the policy. There was evidence tending to prove that fact and we think overwhelming to overcome the denial of plaintiff that she did not do it. The testimony of Thomas that he burned the house is not questioned. It is unquestioned that he had no interest or motive in doing so, unless it was for the reward which he testified was to be paid him by plaintiff for performing the act. The testimony of Thomas was corroborated at every point, except the actual conversation between Thomas and plaintiff. On the other hand, the testimony of plaintiff is full of contradiction, uncertainties, and evasions, impressing the court that it was in a large part fabricated. Couple this with the surrounding circumstances, the condition of the property, the pecuniary interest of plaintiff, her reputation of being a bootlegger, which of itself stamps her as a member of a class opposed to law and order, we are of the opinion that the verdict was wrong and unjust and that the trial court erred in refusing to grant the motion for a new trial.

Reversed and remanded.