109 So.2d 678

**BLOUNT COUNTY et al.**

v.

**Lonnie CAMPBELL.**

6 Div. 249.

Supreme Court of Alabama.

Feb. 19, 1959.

Nash & NeSmith, Oneonta, for appellants.

Rogers, Howard & Redden and Wm. H. Mills, Birmingham, for appellee.

STAKELY, Justice.

This is a condemnation proceeding instituted by Blount County to acquire certain lands owned by the respondent Lonnie Campbell for a public highway.

The proceedings were commenced in the Law and Equity Court of Blount County by petitioner Blount County. The land sought to be taken was an 8.33 acre portion of Lonnie Campbell's tract of some 80 acres. A hearing was held and the court ordered the petition granted. Three Commissioners were appointed to assess the damages and compensation due to the respondent. The Commissioners reported that the respondent was entitled to $1,800 as damages and compensation. The report of the Commissioners was confirmed by the court.

The petitioner took an appeal from the Law and Equity Court of Blount County to the Circuit Court, it being stipulated in effect by the parties that the appeal is in proper form and that the only question involved is the value of the land taken and the amount of damages sustained by the owner of the land by the taking of his access rights to the highway. After hearing the evidence the jury returned a verdict awarding to the respondent, Lonnie Campbell, the sum of $2,500 for his damages and compensation.

A motion for a new trial was filed by Blount County which was overruled. This appeal followed.

The new proposed highway for which the appellee's land was taken replaces U. S. Highway 31 at the point where the land was taken. The land was condemned for the construction of a limited access highway. This highway will run across the entire east side of appellee's property. The land of the appellee did not abut Highway 31 before the taking nor was there any direct access from the appellee's land to Highway 31. There were two roads passing through the appellee's land which furnished two routes of indirect access to Highway 31. One of these roads was to be closed due to the taking of access rights along the new road. As to the other road, in order for respondent to go to Hanceville, which is north of respondent's farm, he would have to travel 3½ miles more by the new road than he has to travel by the old Highway 31.

I. It is earnestly insisted in several assignments of error that the trial court erred in certain portions of its oral charge to the jury. The parts of the oral charge which are claimed to be erroneous all deal with the question of whether the respondent was entitled to damages for what the appellant labels "loss of indirect access."

It is argued by the appellant that there could be no damages or compensation awarded to the appellee for loss of indirect access to Highway 31 occasioned by the closing of one of the roads which passed through appellee's land and that the trial court erroneously charged the jury that they should consider such damages and compensation. The theory of appellant is that § 23 of the Constitution of Alabama limits the compensation for property which is taken and applied to public use by the state and that a property owner is not entitled to damages for loss of access where his property did not abut a highway before the property was acquired by the State for highway purposes.

At the outset we mention briefly the recent case of Blount County v. McPherson, Ala., 105 So.2d 117.[1] It is not exactly in point but by analogy it supports our views in the instant case. In that case the landowner had considerable property on the old highway and could go to it directly from his property. But after the taking he had no frontage on the new access controlled route. It was held that the landowner was entitled to have compensation for his loss of direct access rights when such rights were sought to be condemned along with his land for the right of way of the highway. In the instant case there was no loss of direct access, since the landowner had no frontage on the old highway. His loss was indirect access.

■■■ The well-established general rule of compensation in a condemnation proceeding where only a part of a tract is taken is that the owner is entitled to the difference between the value of the entire tract immediately before the taking and the value of the part of the tract remaining after the taking. Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838; Pryor v. Limestone County, 222 Ala. 621, 134 So. 17; McRea v. Marion County, 222 Ala. 511, 133 So. 278. In determining the value of the property after the taking the jury should consider any factor or circumstance which would depreciate the value in any way. Pike County v. Whittington, 263 Ala. 47, 81 So. 2d 288; McRea v. Marion County, supra. This includes any effect that the completed project for which the land is condemned may produce on the remaining tract. Pike County v. Whittington, supra; Hatter v. Mobile County, 226 Ala. 1, 145 So. 151; McRea v. Marion County, supra; Hooper v. Savannah & M. R. Co., 69 Ala. 529.

■■■ In the case at bar as a result of the taking of a portion of appellee's land and the closing of one of the two roads running through appellee's remaining land, the remaining portion has been made less accessible. We consider that this circumstance should certainly render the remaining land less valuable and hence under the case of Pike County v. Whittington, supra, and the cases cited and discussed therein, is a circumstance of which the jury should be informed and the question left to its decision.

In the case of Hooper v. Savannah & M. R. Co., supra, this Court, in a case involving damages caused by the construction of a railroad across part of a tract of land, said:

"Just compensation included not only the value of the parts of the lot actually taken and appropriated to the use of the Company, but the injury to the remaining lots or parts of lots, and if the ways of ingress to, and egress from the lots were obstructed or interrupted, such obstruction or interruption formed a part of the injury, for which compensation should have been made. The general rule of damages in such cases is the fair market value of the land actually taken, and the diminution in the market value of the land not taken, because of the uses to which the part taken is appropriated."

In McRea v. Marion County, supra, land was condemned for the construction of a road which ran some distance from the old road where the owner's business and other improvements owned by him were located. In discussing the compensation to which the owner was entitled this Court said:

"The final inquiry is the difference between the value of the tract before and after the completion of the project. This will include consideration of all those circumstances which depreciate its value as a direct result of the works. Stovall v. [City of] Jasper, supra, 218 Ala. [282] 287, 118 So. 467; Hamrick v. [Town of] Albertville, supra, 219 Ala. [465] 473, 122 So. 448. Certainly this is so if it affects the ingress and egress to the useful portions of the property from the highway. Hooper v. Savannah, etc., R. Co., 69 Ala. 529." [222 Ala. 511, 133 So. 281.]

In the case of Pike County v. Whittington, supra, land was condemned for the construction of a road which ran behind the defendant's service station, whereas the old road had run in front of it. This Court held in that case that the fact that the owner's business was made less accessible to the highway, because of the changed route, was a circumstance to be considered in assessing his damages.

■ II. It is further insisted that the trial court erred in refusing petitioner's requested written Charge No. 3, which reads as follows:

"I charge you gentlemen of the jury that if you believe the evidence in this case that you cannot award the Respondent damages for loss of indirect access to his remaining property."

As we have pointed out, if such loss of indirect access affects the value of the remaining land the jury should consider this factor in fixing damages. Authorities, supra. This charge then is incorrect in that it suggests that the jury cannot consider loss of indirect access. The court was not in error in refusing Charge No. 3.

■ III. Citing the case of Chichester v. Kroman, 221 Ala. 203, 128 So. 166, the appellant insists that respondent is not entitled to damages by reason of closing one of the roads passing through his place to old U. S. Highway No. 31, since other reasonable means of access are available.

The foregoing case involved the vacation of a dedicated alley. It is not a condemnation case and did not discuss the question of compensation to a landowner for property taken under the power of eminent domain. That part of the oral charge which is assigned as error merely instructs the jury that they may consider the fact that appellee's property will be sealed off in arriving at the amount of their verdict. Or in other words, they may consider inconvenience to the remaining tract resulting from the condemnation. Our cases fully support the charge of the court. Pike County v. Whittington, supra; Hatter v. Mobile County, supra; Pryor v. Limestone County, supra; McRea v. Marion County, supra; Hooper v. Savannah & M. R. Co., supra.

■■ IV. It is argued that the court committed reversible error in overruling appellant's objections to questions asked appellant's witness E. E. Shelton by appellee on cross examination relative to the value he placed on land adjoining appellee's land, viz.:

"Tell what value you placed per acre on Mrs. Bryan's land directly across the right of way from Lonnie Campbell's land?"

This and other questions propounded to the witness E. E. Shelton on cross examination were relative to values he placed on land adjoining appellee's land. The record shows that E. E. Shelton was qualified as an expert on appraisal of property and testified on direct examination to the value per acre of appellee's land. On cross examination he testified that this other land was similar to appellee's land. It is proper on cross examination to test the accuracy of the knowledge of the witness, the reasonableness of his estimate and the credibility of his testimony. Alabama Power Co. v. Herzfeld, 216 Ala. 671, 114 So. 49; Enterprise Lumber Co. v. Porter & Newton, 155 Ala. 426, 46 So. 773. We think that the questions asked were proper to test the qualification of the witness and the method by which he arrived at his opinion of the value of the land.

■ We add that in the cross examination of witnesses a wide latitude is allowed resting in the sound discretion of the trial court and unless the discretion of the court is grossly abused, the ruling of the court will not be overturned. Kervin v. State, 254 Ala. 419, 48 So.2d 204; Reeder v. State, 210 Ala. 114, 97 So. 73.

■ V. It is further insisted that the court was in error in sustaining an objection to the following question propounded

**554**

to E. E. Shelton on direct examination, namely: "Did you and Mr. Chichester prepare these figures as submitted jointly?"

It is sufficient to say that it appears from the record that the witness answered the question in the affirmative before any objection or ruling thereon. Supreme Court Rule 45, Code 1940, Tit. 7, Appendix.

We find no error in this ruling.

Appellant insists that the trial court erred to a reversal in permitting several witnesses to testify over appellant's objection as to the value of appellee's property. Title 7, § 367, Code of Alabama of 1940, provides:

"Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion."

■ The question of whether or not the witness has had an opportunity for forming a correct opinion is a preliminary question to be passed upon by the court and is largely within its discreton. This discretion will not be reviewed except in cases where it is clearly made to appear that the ruling was unjust and worked an injury to appellant's cause. Morris v. State, 25 Ala. App. 494, 149 So. 359.

■ The record shows that each of several witnesses had some knowledge of the property and some opportunity to form an opinion. The degree of opportunity that the witness may have had for forming an opinion goes to the weight of the evidence and not to its admissibility. Bates v. Chilton County, 244 Ala. 297, 13 So.2d 186; Union Fire Ins. Co. of Paris, France v. Ryals, 25 Ala.App. 300, 145 So. 503. We find nothing to indicate that the trial judge violated his discretion in allowing these witnesses to testify.

■ VII. The appellant contends that the trial court committed reversible error in overruling appellant's motion to exclude the testimony of Charles E. Tavell. That witness testified with reference to value of the property that, "I arrived at it by using an estimated basis that the State has appraised people's land adjoining." The appellant contends that all of the testimony of this witness should have been excluded because his opinion was based on irrelevant material. The record shows that this witness had previously testified to a knowledge of the property which would give him a basis for forming a correct opinion of the value of the property. The fact that, in forming his opinion, the witness considered some irrelevant matters, goes to the credibility of his testimony, and not to its admissibility. Alabama Power Co. v. Berry, 222 Ala. 20, 130 So. 541.

We conclude that the judgment of the lower court should be affirmed.

Affirmed.

LAWSON, MERRILL and GOODWYN, JJ., concur.

