203 So.2d 681

**STATE of Alabama**

v.

**J. C. RYAN et al.**

**6 Div. 445.**

Supreme Court of Alabama.

Oct. 26, 1967.

McQueen, Flowers & Ray, Tuscaloosa, for appellant.

Zeanah & Donald, Tuscaloosa, for appellees.

MERRILL, Justice.

This appeal is from a judgment awarding damages to the landowners, appellees, in a limited access highway condemnation case in the amount of $15,000. The only question submitted to the jury was the amount of damages and compensation to be awarded appellees.

Appellant's witnesses testified to a before value of the property of $17,704 and an after value of $14,748, a difference of $2,956. Appellees' witnesses placed the difference between $15,000 and $26,000.

The first ten assignments of error are based on the refusal of the trial court to grant appellant's motion for a new trial on several grounds; but the only ground argued in brief is that the amount of damages awarded to the respondents was excessive.

■■ Our view is that, under the evidence, the amount of the award was peculiarly the prerogative of the jury to determine. We find no basis for saying that the award was due to bias, passion, prejudice, corruption or other improper motive on the part of the jury. The trial court's conclusion that the award was not excessive, and the overruling of the motion for a new trial, lends strength to our holding. State v. Hodge, 280 Ala. 422, 194 So.2d 827; State v. Huggins, 280 Ala. 538, 196 So.2d 387; State v. Owen, 279 Ala. 281, 184 So.2d 362. The motion for a new trial was correctly overruled.

Assignment 11 charges error in the sustaining of appellees' objection to the contents of the Building Code or Subdivision Code of Tuscaloosa. The property here involved was not in the City of Tuscaloosa but was within the police jurisdiction. On direct examination of one of its appraisers, counsel asked the witness about the city's Building Code. In explaining why he asked, counsel for appellant said, "The man in his opening statement, the attorney for the landowner, stated he expected the evidence to show he had two 100 x 125 foot lots. We can prove by this witness that is not sufficient size lots under the restrictions of the City of Tuscaloosa." The court said, "I will rule he can state what he considered in arriving at a figure. He can't go into details on any rules and regulations of the Building Code. I believe we are getting off on other matters. He can state what he

considered in arriving at a figure before and after."

■ It is not necessary to discuss the merits of this particular ruling because it was proper from a procedural standpoint. The following from Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545, is a complete answer to appellant's contention because there had been no showing at the time of the question that the expert had an opinion as to the value of the property:

"* * * The question sought to elicit from a proposed expert witness an element which conduced to his opinion of value without first showing that he had an opinion. As noted in 32 C.J.S. Evidence, § 521, page 219, the party offering an expert is at liberty to reinforce his judgment by showing the grounds on which it is based, but facts so stated do not become independent evidence to establish the fact of inquiry. The question, here, sought to elicit substantive evidence of a collateral nature outside the pertinent inquiry and was without the range of interrogation permitted by the stated rule and the court committed no error in its rejection. * * *"

■ Assignment 16 charges error in the sustaining of appellees' objection to a question propounded to appellant's witness on re-direct examination:

"Q Mr. Curry, where you have City water but you do not have sewage on property outside the corporate limits of the City, can you tell us what the requirements are on a square footage basis where a septic tank has to be used before you can build a house?"

A similar situation arose in Alabama Power Co. v. Berry, 222 Ala. 20, 130 So. 541, and this court said:

"The matter of allowing the defendants' counsel to re-examine the witnesses as to the elements of detriment taken into consideration by them in forming their judgment as to the value of the land before and after the construction, was addressed to the court's irrevisable discretion."

This holding was followed in Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545 [14]. There was no error in sustaining the objection to this question raising a collateral matter.

Assignment of error 14 reads:

"That the Court erred in overruling the Appellant's objection to the following question propounded to the Appellant's witness Walker Curry on cross-examination and in permitting such witness to answer said question.

" 'Q. Now, Mr. Curry, lots in Woodland Hills sell for what?' The objection stating the following grounds:

"That the testimony sought would be illegal, irrelevant and incompetent, and would not be a proper method of proving compensation and damages; that lots in Woodland Hills are not comparable to the subject property."

The record shows the following:

"Q Woodland Hills is located both east and north of this property, isn't it?

"A Yes.

"Q And so this property in this area is Woodland Hills, isn't it?

"A That is right.

"Q Now, Mr. Curry, lots in Woodland Hills sell for what?

"MR. FLOWERS: We object, on the grounds that the testimony sought would be illegal, irrelevant and incompetent, and would not be a proper method of proving compensation and damages, that lots in Woodland Hills are not comparable to the subject property.

"MR. ZEANAH: It is practically joining it.

"THE COURT: He can show comparable values if he knows. I believe it would have to be specific lots.

"MR. ZEANAH: This is a test of his knowledge on real estate.

· "THE COURT: Overrule.

"MR. FLOWERS: Except."

In Blount County v. Campbell, 268 Ala. 548, 109 So.2d 678, the following question was asked: "Tell what value you placed per acre on Mrs. Bryan's land directly across the right of way from Lonnie Campbell's land?"

The appellant, in that case, argued that the trial court committed reversible error in overruling appellant's objection to the question. We refused to reverse, stating:

"This and other questions propounded to the witness E. E. Shelton on cross examination were relative to values he placed on land adjoining appellee's land. The record shows that E. E. Shelton was qualified as an expert on appraisal of property and testified on direct examination to the value per acre of appellee's land. On cross examination he testified that this other land was similar to appellee's land. It is proper on cross examination to test the accuracy of the knowledge of the witness, the reasonableness of his estimate and the credibility of his testimony. Alabama Power Co. v. Herzfeld, 216 Ala. 671, 114 So. 49; Enterprise Lumber Co. v. Porter & Newton, 155 Ala. 426, 46 So. 773. We think that the questions asked were proper to test the qualification of the witness and the method by which he arrived at his opinion of the value of the land."

 Here, the witness, Curry, had qualified as an expert land appraiser and while there was no testimony that lots in Woodland Hills and appellees' property were comparable, it was not reversible error for appellees to test Curry's qualifications by such a question. The latitude and extent of cross-examination, of necessity, is a matter within the sound discretion of the trial court, and, in the absence of prejudicial abuse, it is not reviewable on appeal. Alabama Power Co. v. Berry, 222 Ala. 20, 130 So. 541; Blount County v. Campbell, 268 Ala. 548, 109 So.2d 678.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.