239 So.2d 891

**STATE of Alabama**

v.

**MEADOWBROOK, INC., a Corp.**

**6 Div. 588.**

Supreme Court of Alabama.

Aug. 20, 1970.

Rehearing Denied Sept. 17, 1970.

McQueen, Ray & Allison, Tuscaloosa, for State of Alabama.

McDuffie & Holcombe, Tuscaloosa, for appellee.

PER CURIAM.

This is an appeal in a condemnation award instituted by the State in the Probate Court of Tuscaloosa County. Following an order of condemnation of the property consisting of 4.44 acres, the probate court made an award to the owner. An appeal to the circuit court followed, with a jury trial and verdict for the owner in the amount of $83,500.25. The only issue submitted to the jury was the amount of compensation and damages that the owner was entitled to receive. The 4.44 acres taken was part of a tract of 44.29 acres used as a 9-hole golf course. This land was being acquired for the extension of U.S. Highway 82 By-Pass lying near the City limits of the City of Tuscaloosa.

The State filed a motion for new trial, which was overruled.

There are 53 assignments of error. Not all are argued, but they have been arranged into 7 groups. We will consider them in the same order as arranged and argued in appellant's brief.

## GROUP I

*(Assignments of Error 6 and 7)*

■ These assignments assert error in the refusal of the court to grant the motion for new trial on account of the verdict being excessive. Appellant's counsel, in their brief, indicate the necessity of these assignments in order to preserve for consideration rulings on admissibility of evidence.

Standing alone, these assignments do not show error. There was ample evidence of land value to support the jury award.

"* * * where the trial court refuses to grant a new trial because he does not believe the verdict to be excessive, the favorable presumption attending the jury's verdict is thereby strengthened. (Citations Omitted)" Vest v. Gay, 275 Ala. 286, 288, 154 So.2d 297, 298.

## GROUP II

*(Assignments of Error 11, 12, 13, and 14)*

■ The substance of these assignments is that appellee was permitted to prove, on cross-examination of the State's witness, Lavender, the following: (1) That the Bureau of Public Roads is a Federal Agency; (2) that, although the property is being condemned in the name of the State of Alabama, the project is actually a Federal project combined with the State; (3) that the number used on the highway is a Federal number; and (4) that when testimony refers to Federal, it means the United States of America with the Capital at Washington, D.C. Appellant contends this testimony was highly prejudicial and was only elicited to get before the jury that Federal funds would be used to pay a part of any award the jury might make to the landowner. The application for condemnation contains the following:

"The property and lands hereinafter described have been designated, selected and included by joint action of the Alabama State Highway Department and the United States Bureau of Public Roads, as a part of the National System of Interstate Highways * * *."

The witness had testified that he was a project engineer for the State Highway Department and originally worked up this project known as 82 By-Pass. Later, the witness answered a question, without objection as follows:

"That is handled through various groups in advance, in Montgomery. The Bureau of Public Roads, they give us a sketch."

It appears that this was clearly within the recognized area of cross-examination and fully within the discretion of the trial court. There was no evidence of any kind that appellee's counsel injected in this cause that the Federal Government would pay any part of the award.

We hold there was no error in the rulings of the trial court as contended in the assignments of error in this group.

## GROUP III

*(Assignments of Error 15, 16, 17, and 18)*

■ Joseph E. Williams, a real estate businessman and expert on land values, called by the State, testified on direct examination that, in his opinion, the value of the whole tract (44.29 acres), immediately before the filing of the petition for condemnation, was $219,500.00; and that the value of the land remaining, after the taking of a part of it, was $256,000.00.

The State complains on this appeal that the trial court erred in allowing the landowner (appellee) to elicit from Joseph E. Williams, on cross-examination, that he, before arriving at his opinion of the before-the-taking value of $219,500.00 for the

44.29 acres, had checked to see what had been offered appellee for the 44.29 acres; that he had found that Mr. Lloyd Wood, shortly before the filing of the petition, had offered appellee $250,000.00 for the 44.29 acres; and that appellee had refused the offer.

The State contends that appellee's elicitation of such testimony, on cross-examination of Joseph E. Williams, violated the rule which excludes evidence of offers of purchase made to a landowner for the purpose of proving the value of the land. Thornton v. City of Birmingham, 250 Ala. 651, 655, 35 So.2d 545, 7 A.L.R.2d 773; State v. Walker, 281 Ala. 182, 185, 200 So.2d 482; McElroy, the Law of Evidence in Alabama, 2d Ed., Vol. 1, § 85.02, page 233. We should here state that evidence of the offers of purchase held to be inadmissible, in the cases cited next above, was not offered on cross-examination of an expert on value called by the other side; but, on the contrary, was offered on the direct examination of the landowner's witnesses for the purpose of showing the value of the land in suit; in particular, as tending to show that the value of the land was equal to the amount offered in the offers of purchase.

Directly related to the complained-of testimony elicited from Joseph E. Williams, as to the said offer of purchase, is further testimony by him, on cross-examination, that he did not think that Mr. Lloyd Wood offered too much money for the 44.29 acres.

We are of opinion that the trial court had the discretion to allow the said cross-examination of Joseph E. Williams for the purpose of testing the soundness of his opinion given on direct examination; although proof of the offer of purchase made by Mr. Lloyd Wood would not have been permissible for the purpose of showing the value of the land or that the land was worth the amount offered in Mr. Lloyd Wood's offer of purchase. Annotation, 7 A.L.R.2d 781, 818, § 15; People v. La Macchia, 41 Cal.2d 738, 264 P.2d 15, 22; People ex rel Department of Public Works v. Union Machine Co., 133 Cal.App.2d 167, 284 P.2d

72, 75; Central Pacific R. Co. v. Pearson, 35 Cal. 247, 262; Spring Valley Water-Works v. Drinkhouse, 92 Cal. 528, 28 P. 681, 682; Lloyd v. Town of Venable, 168 N.C. 531, 84 S.E. 855, 857.

Supporting the view stated above, to a degree, is Town of Eutaw v. Botnick, 150 Ala. 429, 43 So. 739, an action in which the owner of land sued the city for damages for lowering the grade of the abutting sidewalk, and in which the owner testified on direct examiation that the land was worth $3,500.00 before the grade was lowered. We held that the trial court erred in disallowing the city to elicit, on cross-examination of the owner, that he had offered to sell the land about a week before the grading was commenced to a specified person for $3,000.00, because such cross-examination was proper "to test 'the accuracy of the witness' knowledge,' 'reasonableness of his estimate of value, and, in consequence, the credibility of his testimony.' "

Town of Eutaw v. Botnick, supra, was followed in Enterprise Lumber Co. v. Porter & Newton, 155 Ala. 426, 46 So. 773.

The testimony, as to the offer to purchase elicited on the cross-examination of Joseph E. Williams being admissible (in the discretion of the trial court) for the purpose of testing the soundness of his opinion given on direct examination, was properly received despite the possibility of its being considered by the jury as evidence of the value of the land. The State's remedy was to request the trial court to instruct the jury to consider such testimony only as bearing on the credibility of the witness' testimony. Ponder v. Cheeves, 104 Ala. 307, 16 So. 145; Martin v. Hill, 42 Ala. 275.

We find no error here in the rulings of the trial court.

## GROUPS IV and V

*(Assignments of Error 38, 39, and 40)*

■ Appellant asserts error in overruling objections to questions put to the wit-

ness Thomas Nicol, an expert in the construction of golf courses and relating to the cost of reconstructing the greens, tees, and watering systems. The answers to these questions indicated the cost would be in the neighborhood of $40,000. Another question to the same witness sought to elicit the overall cost in replacing the golf course "as near like it was before." The witness answered "That would be around $70,000.00."

We hold the evidence was properly admitted. Here this tract of land had been used as a golf course for more than thirty years. The State's expert, Joseph E. Williams, had testified, on direct examination, as to the value of the 44.29 acres as a golf course.

> "* * * In determining the value of the property after the taking the jury should consider any factor or circumstance which would depreciate the value in any way. (Citations Omitted) * *." Blount County v. Campbell, 268 Ala. 548, 552, 109 So.2d 678, 681.

See also: Long Distance Tel. & Tel. Co. v. Schmidt, 157 Ala. 391, 47 So. 731; Alabama Power Co. v. Berry, 222 Ala. 20, 130 So. 541; Alabama Power Co. v. Henson, 237 Ala. 561, 187 So. 718; and Shelby County v. Baker, 269 Ala. 111, 110 So.2d 896.

There is no error in the assignments of error in Groups IV and V.

### GROUPS VI and VII

*(Assignments of Error 42, 45, 46, and 47)*

■ The State here complains that the trial court erroneously overruled the State's objection to certain hypothetical questions propounded by appellee to his own land-value experts (LeMaistre, Burke, Cole, and Deal) as to the value of the whole tract before the taking and also as to the value of the land remaining after the taking,

which included as an assumed fact, the fact that Mr. Nicol, an expert on the construction of golf courses, had testified that to construct a redesigned 9-hole golf course on the remaining land would cost a specified sum of money.

The basis of the State's complaint, in substance, is that a hypothetical question is improper if it submits to an expert witness the credibility of a witness who has testified to a fact hypothesized (as to which see McElroy, The Law of Evidence in Alabama, 2d Ed., Vol. 1, § 130.01, page 326); or even if the hypothetical question includes as an assumed fact, the fact that another named expert witness correctly testified to a specified opinion. Parrish v. State, 139 Ala. 16, 28, 44, 36 So. 1012; Ingram v. McCuiston, 261 N.C. 392, 134 S.E. 2d 705; Annotation, 98 A.L.R. 1109.

The grounds of objection stated at the trial to said hypothetical questions were that they called for illegal, incompetent, irrelevant, and immaterial testimony; invade the province of the jury; the answer solicited would not be a proper element of damages; and the answer would shed no light on the question of value.

Granting that the hypothetical questions were defective because of the inclusion therein as an assumed fact, the fact that Nicol had testified as to his opinion of what it would cost to construct a redesigned 9-hole golf course on the remaining land, the above stated grounds of objection were too general and were not sufficient to present for review on appeal the point that the hypothetical questions submitted to expert witnesses the credibility of Nicol's opinion; Barber Pure Milk Co. v. Holmes, 264 Ala. 45, 84 So.2d 345, which holds that objection that hypothetical questions assume facts of which there was no evidence was too general.

> "* * * to put the trial court in error, it is necessary that the objections to hypothetical questions point out definitely and specifically the vice in-

herent in the question. * * *." (264 Ala. at 55, 84 So.2d at 353.)

See also: Long Distance Tel. & Tel. Co. v. Schmidt, supra; Bates v. Morris, 101 Ala. 282, 13 So. 138; Southern Ry. Co. v. Dickson, 211 Ala. 481, 100 So. 665; McElroy, The Law of Evidence in Alabama, 2d Ed., Vol. 3, § 426.01(8), page 231.

We find no reversible error in the assignments of error argued in brief.

This opinion was prepared by J. EDGAR BOWRON, Supernumerary Circuit Judge, and adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and COLEMAN, BLOODWORTH, MADDOX, and McCALL, JJ., concur.

## ON REHEARING.

PER CURIAM.

Appellee has filed a motion requesting that we consider and allow interest on the judgment. Motion of appellee is denied without prejudice. Leave is granted to present this matter to the trial court which is in much better position than this court to decide the question of interest.

Opinion extended.

Motion denied.

Application for rehearing overruled.

LIVINGSTON, C. J., and SIMPSON, COLEMAN, BLOODWORTH, and McCALL, JJ., concur.