307 So.2d 11

**STATE of Alabama**

**v.**

**Dwight H. SELF et al.**

**SC 890.**

Supreme Court of Alabama.

Jan. 16, 1975.

C. R. D. Burns, Jr., Sp. Asst. Atty. Gen., Gadsden, for the State, appellant.

Simmons, Torbert & Cardwell, Gadsden, for appellees.

542

COLEMAN, Justice.

The state appeals from judgment awarding damages and compensation to landowners in a condemnation proceeding whereby the state acquired land in Etowah County for use as a public highway.

The state assigns error as follows:

"1. The trial Court erred in overruling Plaintiff's objection to the following question propounded to the witness James E. Morris, a witness for the defendant:

"MR. BURNS: 'Please the Court, we move that all of his testimony be excluded. We are dealing with an unimproved lot here, and he has just testified he has no expertise or knowledge concerning vacant lots. He buys them, builds houses on them and then sells them, and therefore his testimony, there is no basis for a jury to give any weight to any opinion that he would have touching such matter.'

"MR. TORBERT: 'Your Honor, could I say something in response to that? He has testified that for the last twelve years he has been buying either vacant land or vacant lots and building houses on them and selling them. He makes his living doing that. When he determines the sale price that he's going to sell the house for, he takes his lot cost, the cost of the building material and supplies, and his labor costs and adds a profit and that is what he sells it for. He has been in business for twelve years, so I think he's had ample experience on buying property and selling property.'

"THE COURT: 'Have you gained a knowledge of the value of real estate?'

"THE WITNESS: 'Well, to a certain extent, Your Honor. I'm not an expert.'

"THE COURT: 'I overrule it.'

"MR. BURNS: 'Judge, he just got through saying—'

"THE COURT: 'Of course, he's not an expert. I can testify whether you are mentally ill or not, but I am not an expert.'

"To which action of the Court, the Plaintiff duly and legally reserve an exception. (TR. p–130)"

The witness Morris testified that he has been living in Etowah County "practically" all his life; that he is in the business of "home builder" and has been in that business for about twelve years; that he has had occasion to buy land and lots in Etowah County; that he builds houses on the land and lots he buys and sells them; that that is how he makes a living and has done so for the past twelve years; that he has sold a lot of lots or parcels of land; that he is familiar with some property at East Gadsden owned by the condemnees; that he, Morris, has purchased some property that joins the property of the condemnees; that $27,000.00 was the total consideration paid for the property purchased by the witness on March 1st, 1971; that since his purchase, the witness has built houses on part of the property; that he subdivided the property; that he has built seven or eight houses and some apartments on the property; that he has sold all the houses he built on the property.

On voir dire examination by the state, the witness Morris testified as follows:

"MR. BURNS: Have you ever appraised any property for anyone else?

"THE WITNESS: No, I haven't.

"MR. BURNS: Have you ever brought and sold vacant lots?

"THE WITNESS: No, I haven't.

"MR. BURNS: Unimproved property?

"THE WITNESS: Only the ones I've built on."

Mr. Burns then stated: "MR. BURNS: Please the Court, we move that all of his testimony be excluded. . . ." etc., as set out above in the assignment of error.

§ 367, Title 7, recites:

"Direct testimony as to the market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion."

In Blount County v. Campbell, 268 Ala. 548, 109 So.2d 678, this court had occasion to consider the action of a trial court in permitting witnesses to testify over appellant's objection as to the value of appellee's property. This court said:

"The question of whether or not the witness has had an opportunity for forming a correct opinion is a preliminary question is to be passed upon by the court and is largely within its discretion. This discretion will not be reviewed except in cases where it is clearly made to appear that the ruling was unjust and worked an injury to appellant's cause. Morris v. State, 25 Ala.App. 494, 149 So. 359.

"The record shows that each of several witnesses had some knowledge of the property and some opportunity to form an opinion. The degree of opportunity that the witness may have had for form-ing an opinion goes to the weight of the evidence and not to its admissibility. Bates v. Chilton County, 244 Ala. 297, 13 So.2d 186; Union Fire Ins. Co. of Paris, France v. Ryals, 25 Ala.App. 300, 145 So. 503. We find nothing to indicate that the trial judge violated his discretion in allowing these witnesses to testify." (268 Ala. at 554, 109 So.2d at 683).

In the instant case, the witness Morris testified with respect to his buying and selling of parcels of land in the area involved and building houses thereon. Certainly he had some knowledge of the property and some opportunity to form an opinion as to its value. We do not think the court erred in refusing to exclude all of the testimony of Morris.

Affirmed.

All the Justices concur.