THOMPSON, Presiding Judge,
concurring in part and dissenting in part.
Because I believe the trial court erred in entering a judgment as a matter of law in favor of B.I.C. Construction, Inc., Michael Roberts, and Brandon Grant (hereinafter collectively “B.I.C.”) on the Presleys’ claims of breach of contract and negligence, I must respectfully dissent.
In entering a judgment as a matter of law, the trial court found that Richard Presley and Joy Presley could not sustain their claims of breach of contract and negligence because they had failed to prove damages. Specifically, the trial court found that the Presleys had failed to show that the value of their house was diminished in any way as a result of B.I.C.’s breach of contract or negligence. A majority of this court agreed with the trial court, holding that because Joy Presley based her opinion of the value of the house, as constructed, on the value the tax assessor had placed on the house, her opinion was to be rejected. Both the trial court and the majority apparently concluded there was no other evidence from which to determine that the value of the house had been diminished because of B.I.C.’s mistakes.
The law is well settled that a property owner is prima facie competent to testify to the value of his or her property. The majority recognizes that principle, then concludes that Joy Presley “rebutted her own presumption of competence” by basing her opinion on inadmissible evidence. 64 So.3d at 621. In support of its position, the majority relies on the definition of a rebuttable — or prima facie — presumption. I believe that the majority is confusing two distinct concepts: first, whether the witness is prima facie competent to testify and second, whether an inference drawn from certain facts establishes a prima facie case.
As with any witness, the trial court was free to give less weight to Joy Presley’s opinion as to the value of the house as constructed because she based her opinion on a tax assessment; however, I disagree that the basis of Joy Presley’s opinion made her incompetent to testify as to what she believed the value of the house was as constructed and what she believed the value of the house would have been had it been constructed pursuant to the terms of the contract. The fact that her opinion was based on a tax assessment would go to the weight of the evidence, not its admissibility; thus, I do not believe.that the Pres-leys failed to present evidence of the diminished value of the house. See, e.g., Blount County v. Campbell, 268 Ala. 548, 109 So.2d 678 (1959).
That being said, even assigning less weight to Joy Presley’s opinion as to the value of the house as constructed in recognition of the fact that a tax assessment is generally lower than the fair market value of property, I believe that the Presleys presented sufficient evidence from which the finder of fact could determine that the fair market value of the house . as con *627 structed was less than it would have been had B.I.C. adhered to the Presleys’ plans, as called for by the contract. The undisputed evidence shows that B.I.C. did a poor job pouring the slab for the house, and the Presleys went into great detail about what had to be done to rectify the problems resulting from the job B.I.C. had done. The evidence is also undisputed that B.I.C. installed lower-quality doors and windows than what the Presleys paid to have installed. The Presleys also presented evidence indicating that the framing of the house was “out-of-square,” creating gaps between countertops and the wall. A finder of fact could reasonably have determined that the gaps were aesthetically displeasing, which would diminish the fair market value of the house.
Because of the “out-of-square” framing, the Presleys had to pay to add a ceiling joist to repair a six-inch gap between the last ceiling joist that B.I.C. had completed; they had to install extra header board across the front and back porches; they had to install wood under the overhangs of the porches; and they had to install bracing down the front and back porches. Joy Presley testified that those repairs cost between $12,000 and $13,000.
The Presleys presented substantial evi- ' dence indicating that the house as constructed was of lower quality than the house they had hired B.I.C. to build and that the diminished value was the result of B.I.C.’s breach and/or negligence. They also proved that they had to pay for repairs to the house based upon the breach and/or negligence. Because the Presleys presented substantial evidence of damages, the trial court erred in entering a judgment as a matter of law on the basis that they “failed to introduce proper evidence for a finding that the market value of their home had been reduced by ... non-performance on the part of [B.I.C.].”
Because I would reverse the judgment as to the claims of breach of contract and negligence, I respectfully dissent in part. I concur as to the affirmance of the judgment on the remaining claims.